No. 24-cv-3506-RPK-LB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARBARA HILL

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,

Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel*
*of the City of New York*
*Attorney for Defendant*
*100 Church Street, 2-193*
*New York, N.Y.  10007*

*Of Counsel:  Shivani Damera*
*Tel:  (212) 356-2444*
*Matter No.: 2024-050543*

**DATE OF SERVICE: August 29, 2024**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 2

      A.  The COVID-19 Vaccine Mandate Formerly
           Applicable to DOE Employees ........................................................... 2

      B.  Amendment to the DOE Vaccine Mandate ........................................ 4

      C.  Plaintiff's Allegations ....................................................................... 5

ARGUMENT

      POINT I

           PLAINTIFF'S SHRL AND CHRL CLAIMS MUST
           BE DISMISSED BECAUSE SHE FAILED TO
           FILE A TIMELY NOTICE OF CLAIM ....................................................7

      POINT II

           PLAINTIFF'S SHRL AND CHRL CLAIMS ARE
           TIME-BARRED ..................................................................................... 8

      POINT III

           PLAINTIFF FAILS TO STATE A CAUSE OF
           ACTION FOR RELIGIOUS DISCRIMINATION
           UNDER TITLE VII, § 1983, THE SHRL, AND THE
           CHRL ..................................................................................................... 8

      POINT IV

           PLAINTIFF FAILS TO STATE FAILURE TO
           ACCOMMODATE CLAIMS UNDER TITLE VII,
           § 1983, THE SHRL, AND THE CHRL ............................................. 11
           A.  DOE's Termination of Plaintiff's Employment
               was not Discipline Because Plaintiff Did Not

**Page**

               Comply with a Valid Condition of her
               Employment ................................................................. 12

     B.   The DOE Could Not Have Granted Plaintiff's
         Request For A Religious Exemption From The
         Vaccine Mandate Without Enduring An Undue
         Hardship Under Title VII, § 1983, the SHRL or
         The CHRL ...................................................................... 13

     C.   Plaintiff Cannot Plausibly Allege Claims for
         Failure to Engage in the Interactive Process
         Under Title VII, § 1983, the SHRL or the
         CHRL. ............................................................................ 15

POINT V

     PLAINTIFF FAILS TO STATE A RETALIATION
     CLAIM UNDER THE REHABILITATION ACT............................... 16

POINT VI

     PLAINTIFF FAILS TO PLEAD A FIRST
     AMENDMENT CLAIM...................................................................... 17

POINT VII

     PLAINTIFF HAS NOT PLAUSIBLY ALLEGED
     THAT HER DUE PROCESS RIGHTS WERE
     VIOLATED ........................................................................................ 19

     A.   Neither the Vaccine Mandate Nor the DOE's
         Termination of Plaintiff's Employment Violated
         Plaintiff's Due Process Rights ............................................ 20

     B.   Plaintiff Fails To Plausibly Plead A Fifth
         Amendment Violation ........................................................ 20

POINT VIII

     PLAINTIFF FAILS TO STATE A STIGMA PLUS
     CLAIM.............................................................................................. 21

CONCLUSION....................................................................................................... 25

**Statutes**                                                                  **Pages**

## TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

Adams v. NY State Unified Ct. Sys.,
    No. 22-CV-9739, 2023 U.S. Dist. LEXIS 138218
    (S.D.N.Y. Aug. 4, 2023) ...................................................................17

Albert v. Loksen,
    239 F.3d 256 (2d Cir. 2001) .............................................................23

Alterescu v. New York City Dep't of Educ.,
    No. 21 Civ. 925 (KPF), 2022 U.S. Dist. LEXIS 151763
    (S.D.N.Y. Aug. 23, 2022) .................................................................22

Amorosi v. South Colonie Ind. Cent. Sch. Dist.,
    9 N.Y.3d 367 (2007) .........................................................................8

Baker v. Home Depot,
    445 F.3d 541 (2d Cir. 2006) .............................................................11

Becker v. Nassau Boces Sch. Dist., Bd. of Coop. Educ. Servs.,
    No. 21-CV-2855, 2022 U.S. Dist. LEXIS 177878
    (E.D.N.Y. Sept. 29, 2022) ........................................................... 20-21

Beickert v. New York City Dep't of Educ.,
    No. 22-CV-5265, 2023 U.S. Dist. LEXIS 170719
    (E.D.N.Y. Sept. 25, 2023) ..........................................................9, 12, 14

Birkholz v. City of New York,
    No. 10 Civ. 4719 (NGG) (SMG), 2012 U.S. Dist. LEXIS 22445
    (E.D.N.Y. Feb. 17, 2012) ...................................................................7

Bright v. Coca Cola Refreshments USA, Inc.,
    No. 12 Civ. 234, 2014 U.S. Dist. LEXIS 155565
    (E.D.N.Y. Nov. 3, 2014) .....................................................................9

Brodt v. City of New York,
    4 F. Supp. 3d 562 (S.D.N.Y. 2014) ................................................9, 11

Broecker v. New York City Dep't of Educ.,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022) ..........................................9, 12, 20

Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,
    508 U.S. 520 (1993) .........................................................................18

**Page**

Matter of Clarke v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
213 A.D.3d 548 (1st Dep't 2023)............................................................................12

Cooper v. Franklin Templeton Invs.,
No. 22-2763-cv, U.S. App. LEXIS 14244
(2d Cir. June 8, 2023)..............................................................................................9

Coughlin v. New York State Unified Court Sys.,
No. 22-CV- 04002, 2023 U.S. Dist. LEXIS 192576
(E.D.N.Y. Oct. 26, 2023)........................................................................................18

D'Cunha v. Northwell Health Sys.,
No. 1:22-cv-0988, 2023 U.S. Dist. LEXIS 33343
(S.D.N.Y. Feb. 28, 2023).........................................................................................10

Duplan v. City of New York,
888 F.3d 612 (2d Cir. 2018)......................................................................................2

Elgalad v. New York City Dep't of Educ.,
No. 17 Civ. 4849 (VSB), 2018 U.S. Dist. LEXIS 162838
(S.D.N.Y. Sept. 24, 2018)..........................................................................................7

Employment Div. v. Smith,
494 U.S. 872 (1990)................................................................................................18

Fifth Ave. Presbyterian Church v. City of New York,
293 F.3d 570 (2d Cir. 2002)....................................................................................18

Garland v. New York City Fire Dep't,
574 F. Supp. 3d 120 (E.D.N.Y. 2021) ................................................. 9-10, 13, 20

Glascoe v. Solomon,
No. 18 Civ. 8284 (AT), 2020 U.S. Dist. LEXIS 46930
(S.D.N.Y. Mar. 17, 2020) ..........................................................................................7

Gomez-Kadawid v. Lee,
No. 20-CV-01786, 2023 U.S. Dist. LEXIS 102935
(S.D.N.Y. June 13, 2023)...........................................................................................8

Gonzalez v. City of New York,
No. 22-cv-3577, 2024 U.S. Dist. LEXIS 56814
(E.D.N.Y. Mar. 28, 2024)....................................................................................9, 12

Green v. Dep't of Educ.,
No. 18 Civ. 10817 (AT), 2019 U.S. Dist. LEXIS 127545
(S.D.N.Y. July 31, 2019) .........................................................................................22

iv

**Page**

Greenbaum v. New York City Transit Auth.,
 No. 21-1777, 2022 U.S. App. LEXIS 22589
 (2d Cir. Aug. 15, 2022)..............................................................................11, 15

Groff v. DeJoy,
 600 U.S. 447 (2023).....................................................................................13, 14

Hamilton v. City of New York,
 563 F. Supp. 3d 42 (E.D.N.Y. 2021) ..............................................................9, 11

Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of New Yoek,
 220 A.D.3d 416 (1st Dep't 2023) .........................................................................16

Jeanty v. Newburgh Beacon Bus Corp.,
 No. 17-CV-9175, 2018 U.S. Dist. LEXIS 197248
 (S.D.N.Y. Nov. 19, 2018)........................................................................................2

Kane v. De Blasio,
 19 F.4th 152 (2d Cir. 2021) ...............................................................4, 18, 19

Kane v. De Blasio,
 623 F. Supp. 3d 339 (S.D.N.Y. 2022)...................................................................12

LeBlanc v. UPS,
 No. 11 Civ. 6983, 2014 U.S. Dist. LEXIS 50760
 (S.D.N.Y. Apr. 11, 2014).......................................................................................15

Matter of Lebowitz v. Bd. of Educ. of the City Sch. Dist. of the City of New
 York,
 220 A.D.3d 537 (1st Dep't 2023),
 *lv rearg & lv appeal denied*,
 41 N.Y.3d 987 (May 16, 2024).......................................................................15-16

Matter of Lee v. City of New York,
 221 A.D.3d 505 (1st Dep't 2023) .........................................................................16

Leibowitz v. Cornell Univ.,
 584 F.3d 487 (2d Cir. 2009)....................................................................................8

Littlejohn v. City of New York,
 795 F.3d 297 (2d Cir. 2015)..................................................................................10

Lowman v. NVI LLC,
 821 F. App'x 29 (2d Cir. 2020) ............................................................................10

**Page**

Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
    221 A.D.3d 456 (1st Dep't 2021) ............................................................16

Marciano v. De Blasio,
    589 F. Supp. 3d 423 (S.D.N.Y. 2022) ...............................................12, 19

Matter of Marsteller v. City of New York,
    217 A.D.3d 543 (1st Dep't 2023),
    *lv rearg & lv appeal denied*,
    41 N.Y.3d 960 (Mar. 19, 2024) ..............................................................15

Marte v. Monetfiore Med. Ctr.,
    No. 22-CV-03491-CM, 2022 U.S. Dist. LEXIS 186884
    (S.D.N.Y. Oct. 12, 2022) .........................................................................11

McDonald v. Bd. of Educ.,
    No. 01 Civ. 1991 (NRB), 2001 U.S. Dist. LEXIS 10325
    (S.D.N.Y. July 24, 2001) .........................................................................22

McDonnell Douglas v. Green,
    411 U.S. 792 (1973) ...............................................................................8, 9

McPherson v. New York City Dep't of Educ.,
    457 F.3d 211 (2d Cir. 2006) ....................................................................22

Natofsky v. City of New York,
    921 F.3d 337 (2d Cir. 2019) ....................................................................16

Niles v. New York City Human Res. Admin.,
    No. 22 Civ. 6307, 2024 U.S. Dist. LEXIS 22588
    (E.D.N.Y. Feb. 7, 2024) ..........................................................................17

O'Connor v. Pierson,
    426 F.3d 187 (2d Cir. 2005) ....................................................................19

O'Reilly v. Bd. of Educ.,
    2022 N.Y. Slip Op. 30173(U)
    (Sup. Ct. New York Cnty. 2022) ............................................................12

Okwedy v. Molinari,
    69 F. App'x 482 (2d Cir. 2003) ..............................................................18

Peralta v. New York City Dep't of Educ.,
    No. 21-CV-6833, 2023 U.S. Dist. LEXIS 169529
    (E.D.N.Y. Sept. 22, 2023) ................................................................19, 20

Rodriguez v. New York,
   No. 85 CV 1873, 1988 U.S. Dist. LEXIS 6516
   (E.D.N.Y. May 13, 1988) ...................................................................................9

Ruiz v. County of Rockland,
   609 F.3d 486 (2d Cir. 2010)...............................................................................11

Segal v. City of New York,
   459 F.3d 207 (2d Cir. 2006)...............................................................................21

Sheng v. M&T Bank Corp.,
   848 F.3d 78 (2d Cir. 2017).................................................................................15

Shields v. New York City Health & Hosps. Corp.,
   489 F. Supp. 3d 155 (S.D.N.Y. 2020)................................................................16

Sides v. New York State Div. of State Police,
   No. 03-CV-153, 2005 U.S. Dist. LEXIS 12635
   (N.D.N.Y. June 28, 2005)...................................................................................14

TWA v. Hardison,
   432 U.S. 63 (1977)..............................................................................................13

Vasquez v. City of New York,
   No. 22-CV-05068, 2024 U.S. Dist. LEXIS 58731
   (E.D.N.Y. Mar. 30, 2024).............................................................................10, 19

Vaughn v. Am. Multi Cinema, Inc.,
   No. 09 Civ. 8911 (BSJ), 2010 U.S. Dist. LEXIS 96609
   (S.D.N.Y. Sept. 11, 2010)...................................................................................23

Vega v. Hempstead Union Free Sch. Dist.,
   801 F.3d 72 (2d Cir. 2015)..................................................................................10

We The Patriots USA, Inc. v. Hochul,
   17 F.4th 266 (2d Cir. 2021) ................................................................................10

Weiss v. Inc. Village of Sag Harbor,
   762 F. Supp. 2d 560 (E.D.N.Y. 2011) ..................................................................2

West v. Atkins,
   487 U.S. 42 (1988)..............................................................................................15

Xu v. City of New York,
   No. 08-CV-11339, 2020 U.S. Dist. LEXIS 25082
   (S.D.N.Y. Dec. 22, 2020)....................................................................................21

**Page**

**Statutes**

29 U.S.C. § 794.................................................................................................................1

42 U.S.C. § 1981...........................................................................................................1, 9

42 U.S.C. § 1983...........................................................1, 8, 9, 11, 13, 14, 15

42 U.S.C. § 2000e, *et seq.*..............................................................................................1

Fed. R. Civ. P. 12(b) ......................................................................................................2

N.Y.C. Admin. Code § 8-107, *et seq.*...........................................................................1

N.Y. Educ. Law § 3813...................................................................................................8

N.Y. Educ. Law § 3813(1)..........................................................................................7, 8

N.Y. Educ. Law § 3813(2-b)..........................................................................................8

N.Y. Exec. Law § 296, *et seq*.......................................................................................1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

BARBARA HILL,

                         Plaintiff,                              24-cv-3506-RPK-LB

                -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK

                        Defendant.

-----------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff, Barbara Hill, a physical therapist currently employed by Defendant, New York City Department of Education ("DOE"), commenced this action alleging that the DOE discriminated against her by denying her request for a religious exemption from the COVID-19 Vaccine Mandate and subsequently terminating her because of her failure to get vaccinated. Plaintiff generally asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, New York Executive Law § 296, *et seq.* ("SHRL"), the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq.* ("CHRL"), the Rehabilitation Act, 29 U.S.C. § 794, 42 U.S.C. §§ 1981, 1983 alleging violations of her rights under the First, Fifth and Fourteenth Amendments of the United States Constitution for alleged violations of her right to free exercise of religion and due process.

Defendant now moves, pursuant to Federal Rule of Civil Procedure 12(b), to dismiss the Complaint in its entirety on the grounds that Plaintiff has failed to plead any plausible claims.  For these reasons, and those articulated more fully below, Plaintiff's Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS[1]

### A.  The COVID-19 Vaccine Mandate Formerly Applicable to DOE Employees

On August 23, 2021, former Mayor Bill de Blasio and Dr. Dave Chokshi, then Commissioner of the DOHMH, announced that DOE employees would be subject to a Vaccine Mandate.  See  COVID-19 Vaccine Mandate then applicable to DOE employees at https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf (last accessed on August 26, 2024).  Under this policy, DOE employees were required to submit proof to the DOE, by September 27, 2021, that they were fully vaccinated against COVID-19; had received a single-dose vaccine or the second dose of a two-dose vaccine; or had received the first dose of a two-dose vaccine, with the additional requirement to provide proof of the second dose thereafter.  Id.  The Vaccine Mandate has been repeatedly upheld as lawful by every Court that has considered it.  Thus, the Vaccine Mandate is unassailable and legally sound.

On September 1, 2021, the United Federation of Teachers ("UFT") filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") over the impact of the Vaccine Mandate. PERB then appointed an arbitrator, and several days of mediation sessions were held. See Arbitration Agreement, annexed to the Declaration of Shivani R. Damera

---

[1] For the purpose of this motion only, the well-pled  factual allegations in the Complaint are accepted as true. This statement of facts is derived from the allegations in and documents annexed to the Complaint and the lettered exhibits annexed to the Declaration of Shivani R. Damera, dated August 29, 2024, accompanying this memorandum of law. The Court may properly consider the documents annexed to the Damera Declaration because they were incorporated by reference in the complaint or are integral to Plaintiff's claims. See Jeanty v. Newburgh Beacon Bus Corp., No. 17-CV-9175, 2018 U.S. Dist. LEXIS 197248, *10 (S.D.N.Y.  Nov. 19, 2018) (quoting Weiss v. Inc. Vill.  of Sag Harbor, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011)).

("Damera Declaration") as Exhibit A at 4. On September 10, 2021, the arbitrator issued a decision ("Arbitration Agreement") which established: (1) a process for Vaccine Mandate exemptions and accommodation requests; (2) options for DOE employees to voluntarily separate from service with certain benefits or extend leave without pay ("LWOP") available for employees who did not comply with the Vaccine Mandate; and, (3) that DOE could "unilaterally separate employees" who had not complied with the Vaccine Mandate or did not have an approved exemption or accommodation or had not either opted for separation or to extend their LWOP pursuant to the provisions set forth in the Arbitration Agreement. See generally id.

The process established by the Arbitration Agreement applied to medical and religious exemptions as well as to accommodations for those who, having received a full course of vaccination, remained unable to mount an immune response. Id at 7. It also set forth that employees who had not requested an exemption, or whose request has been denied, would be placed on LWOP by DOE starting September 28, 2021. Id. at 13. While on LWOP, employees continued to be eligible for health insurance. Id. at 15. Employees who submitted proof of vaccination to DOE before November 30, 2021, were eligible to return to their school within one week of submitting their documentation. Id. at 14.

The Arbitration Agreement also set forth a process for separation from DOE employment with enhanced payment of accrued paid time off, or extension of LWOP with health benefits. Id. DOE employees who did not comply with the Vaccine Mandate could have opted to either separate from service by October 29, 2021, and receive enhanced payment of accrued paid time off and remain eligible for health insurance through September 5, 2022, unless they were eligible for health insurance from another source, or as an alternative option, employees could have elected, by November 30, 2021, to extend their LWOP through September 5, 2022 and

maintain health coverage. Id. at 16-17. Those employees who chose to extend their LWOP and ultimately did not comply with the Vaccine Mandate Order by the end of the leave period were deemed to have voluntarily resigned. Id. In addition, the Impact Arbitration Decision provided that starting on December 1, 2021, DOE could unilaterally separate employees who remained out of compliance with the Vaccine Mandate and had not applied for either the extended leave or separation. Id.

Pursuant to an order issued by the Second Circuit in Kane v. DiBlasio, 19 F.4th 152, 176-177 (2d Cir. 2021), DOE employees whose requests for religious exemptions to the Vaccine Mandate had been denied were entitled to "fresh consideration of their requests for a religious accommodation by a central citywide panel consisting of representatives of the Department of Citywide Administrative Services, the City Commission on Human Rights, and the Office of the Corporation Counsel." Entitlement to "fresh consideration" was then extended to all DOE employees who had submitted reasonable accommodation ("RA") requests for religious exemptions to the Vaccine Mandate. The central citywide panel ("Citywide Panel") was created specifically in response to the DOHMH's issuance of the Vaccine Mandate in order to consider appeals filed by employees whose accommodation requests had been denied by their respective agency.

**B. Amendment to the DOE Vaccine Mandate**

On February 9, 2023, the Board of Health ("BOH") amended the Vaccine Mandate. Recognizing that "99% of all DOE employees [had] completed a primary series of vaccination" the BOH repealed the requirement that new DOE staff provide proof of COVID-19 vaccination, and amended the requirement such that DOE staff and City employees who worked in-person in a DOE school setting, DOE building, or charter school setting were no longer required to provide proof of vaccination to the DOE. See

https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-doe-employees.pdf (last accessed Aug. 26, 2024).

## C. Plaintiff's Allegations

Plaintiff alleges that she was hired as a physical therapist by the DOE in 2010. Compl. at ¶ 7. On September 10, 2021, an "Impact Bargaining Award" was issued by Arbitrator Scheinman to resolve the impasse reached by the DOE and the UFT regarding COVID vaccine implementation procedures. Id. at ¶ 18.[2] Plaintiff alleges that the Impact Bargaining Award "fraudulently created a new term of employment, a lawless Leave Without Pay ("LWOP") that involuntarily removed all Department employees from their job if they did not submit a COVID vaccination card to the [DOE] by October 4, 2021." Id. The Impact Bargaining Award also created a procedure to apply for religious exemptions. Id.

On September 20, 2021, Plaintiff alleges that she applied for a religious accommodation because "she could not, and would not be able to get vaccinated due to her religious beliefs. Her beliefs are sincere and deeply held." Id. at ¶ 20; see also Sept. 20, 2021, Letter from Plaintiff, annexed to the Damera Decl. as Exh. B.[3] In her letter, Plaintiff stated that she would not submit to the COVID-19 vaccine because it "embodies fetal tissue which would be tantamount to genetic cannibalism which is abhorrent to God and an offense to my sincere moral ethical religious beliefs." See Damera Decl., Exh. B at 2.

On September 22, 2021, Plaintiff alleges that her religious accommodation request was denied because she "'failed to meet the criteria for religious accommodation'" and that she

---

[2] Plaintiff's reference to and attachment of the "Impact Bargaining Award" is the same as the Arbitration Agreement referenced above.

[3] The September 20, 2021, letter that Plaintiff attached to her Complaint only attached the first page of her two-page letter. Exhibit B of the Damera Declaration is a complete copy of Plaintiff's letter.

could not be provided a "remote site accommodation" because it would be an undue hardship. Compl. at ¶ 21. Plaintiff alleges that "[m]any other employees[']" exemption requests were granted and they were "reassigned to administrative buildings." Id. On October 27, 2021, Plaintiff was placed on LWOP. Id. at ¶ 22. Plaintiff alleges that after she was placed on LWOP she could not work and could not get paid by any vendor connected with the DOE due to an alleged problem code placed on her personnel file. Id. Plaintiff also alleges that she was "removed from receiving her salary without due process on October 27, 2021." Id. at ¶ 23.

Plaintiff alleges that, on November 28, 2021, the Second Circuit found that the Arbitration Agreement was "'constitutionally unsound'" and the Citywide Panel was created to comply with the Second Circuit's mandate that religious accommodation requests receive "fresh consideration." See Compl. at ¶¶ 24-25. On November 30, 2021, Plaintiff pursued another review of her request by appealing the denial of her request for an accommodation to the Citywide Panel. See Nov. 30, 2021, Letter from Plaintiff, annexed to the Damera Decl. as Exh. C.

On February 14, 2022, Plaintiff alleges that the Citywide Panel denied her "request for a religious accommodation without attempting to give her a remote location or telehealth possibilities." Compl. at ¶ 29. On March 17, 2022, Plaintiff was terminated for "not compl[ying] with the [Vaccine Mandate]."[4] See Termination of DOE Employment Email, annexed to the Damera Decl. as Exh. D. In February 2024, Plaintiff was rehired by the DOE as a physical therapist. Id. at ¶ 30.

---

[4] Plaintiff erroneously alleges that she was terminated in February 2022. See Compl. at ¶ 29.

## ARGUMENT

### POINT I

### PLAINTIFF'S SHRL AND CHRL CLAIMS MUST BE DISMISSED BECAUSE SHE FAILED TO FILE A TIMELY NOTICE OF CLAIM

A pre-requisite under the Education Law for claims brought under the SHRL or CHRL is that a plaintiff must file and serve a notice of claim "within ninety days after the claim arises." See Birkholz v. City of New York, No. 10 Civ. 4719 (NGG) (SMG), 2012 U.S. Dist. LEXIS 22445 at *41 (E.D.N.Y. Feb. 17, 2012); see also Elgalad v. New York City Dep't of Educ., No. 17 Civ. 4849 (VSB), 2018 U.S. Dist. LEXIS 162838, at *10 (S.D.N.Y. Sept. 24, 2018) ("[i]t is well settled in the Second Circuit that Education Law § 3813(1) is a statutory condition precedent to a plaintiff's bringing of a proceeding against a school district or board of education") (citing N.Y. Educ. Law § 3813(1)). A plaintiff's failure to plead compliance with Education Law § 3813(1)'s requirements is a fatal defect mandating dismissal of the action." See Elgalad, 2018 U.S. Dist. LEXIS 162838 at *10. Even when, as here, Plaintiff is proceeding pro se, courts do not have the "power to disregard a failure to comply with notice of claim requirements, even to avoid a harsh result such as dismissal of an action." See Glascoe v. Solomon, No. 18 Civ. 8284 (AT), 2020 U.S. Dist. LEXIS 46930 at *27 (S.D.N.Y. March 17, 2020) (dismissing pro se plaintiff's SHRL and CHRL claims when she "failed to plead that she filed a notice of claim").

Plaintiff did not file a notice of claim until May 9, 2023, over a year after her termination on March 17, 2022. See Pl.'s Notice of Claim annexed to the Damera Decl. as Exh. E. Because Plaintiff failed to file a timely notice of claim within ninety days of when her claims arose and Federal courts lack authority to grant the late filing of a notice of claim, Plaintiff's claims pursuant to the SHRL and CHRL must be dismissed with prejudice for failure to file a timely

notice of claim. See Gomez-Kadawid v. Lee, No. 20-CV-01786, 2023 U.S. Dist. LEXIS 102935, at *27 (S.D.N.Y. June 13, 2023).

## POINT II

### PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED

New York Education Law § 3813 has a one year statute of limitation for non-tort claims against the DOE. See N.Y. Educ. Law §§ 3813(1) and 3813(2-b); see also Amorosi v. South Colonie Ind. Cent. School Dist., 9 N.Y.3d 367, 373 (2007). Plaintiff commenced this action on May 14, 2024, and, therefore, her SHRL and CHRL claims based on acts that occurred prior to May 14, 2023 are time-barred. See Compl. The last alleged discriminatory or retaliatory event alleged in the Complaint is Plaintiff's termination, which was effective March 17, 2022. See Compl. at ¶ 29; see also Damera Decl. Exh. D. Plaintiff's SHRL and CHRL claims are, therefore, untimely and must be dismissed.

## POINT III

### PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR RELIGIOUS DISCRIMINATION UNDER TITLE VII, § 1983, THE SHRL, AND THE CHRL

Plaintiff alleges that the DOE "subjected [her] to discrimination on the basis of her religion . . . ." See Compl. at ¶ 39. To establish a prima facie case of discrimination under Title VII, a plaintiff must establish the elements set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973). Under this framework, a plaintiff must show that: (1) she was within a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. Id. at 802; see also Leibowitz v. Cornell Univ., 584 F.3d 487, 498 (2d Cir. 2009). Claims of discrimination under the SHRL and § 1983 are analyzed under the same McDonnell

*Douglas* framework applied to claims under Title VII.[5] *See* Hamilton v. City of New York, 563 F. Supp. 3d 42, 52 (E.D.N.Y. 2021); *see also* Brodt v. City of NY, 4 F. Supp. 3d 562, 572 (S.D.N.Y. 2014). To defeat a motion to dismiss on a Title VII or a SHRL discrimination claim, the facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent. *See* Cooper v. Franklin Templeton Invs., No. No. 22-2763-cv, U.S. App. LEXIS 14244, at *5 (2d Cir. June 8, 2023).

To state a claim under the CHRL, a plaintiff must allege "that her employer treated her less well than other similarly situated employees, at least in part for discriminatory reasons." *See* Bright v. Coca Cola Refreshments USA, Inc., No. 12 Civ. 234, 2014 U.S. Dist. LEXIS 155565, at *5 (E.D.N.Y. Nov. 3, 2014). Even though claims under the CHRL are construed more broadly than those under Title VII and the SHRL, the "plaintiff still bears the burden of showing that the conduct complained of is caused by a discriminatory motive." *See* Cooper, U.S. App. LEXIS 14244, at *5.

As an initial matter, the Vaccine Mandate has consistently been upheld as a lawful condition of employment for employees of the DOE and City of New York ("City"). On this point, every Court that has encountered this question has held that the Vaccine Mandate is lawful condition of employment for DOE and City employees. *See* Broecker v. NY City Dept. of Educ., 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022); Gonzalez v. City of NY, No. 22-cv-3577, 2024 U.S. Dist. LEXIS 56814, at *19 (E.D.N.Y. Mar. 28, 2024); Beickert v. NY City Dept. of Educ., No. 22-CV-5265, 2023 U.S. Dist. LEXIS 170719, at *11 (E.D.N.Y. Sep. 25, 2023); Garland v. NY

---

[5] 42 U.S.C. § 1983 provides the sole federal remedy for discrimination claims brought against a state actor. *See* Duplan v. City of NY, 888 F.3d 612, 621 (2d Cir. 2018). Accordingly, Plaintiff's claim under § 1981 must be dismissed for that reason alone. Moreover, § 1981 only provides a remedy for alleged racial discrimination, a claim not asserted by Plaintiff in this action. *See* Rodriguez v. New York, No. 85 CV 1873, 1988 U.S. Dist. LEXIS 6516, at *7 (E.D.N.Y. May 13, 1988).

City Fire Dept., 574 F. Supp. 3d 120, 129 (E.D.N.Y. 2021); Vasquez v. City of NY, No. 22-CV-05068, 2024 U.S. Dist. LEXIS 58731, at *24 (E.D.N.Y. Mar. 30, 2024). When an employee fails to satisfy a condition of her employment, she is no longer qualified to serve as a public employee. See We The Patriots USA, Inc. v. Hochul, 17 F.4th 266 (2d Cir. 2021). By failing to comply with the Vaccine Mandate, Plaintiff failed to satisfy a condition of her employment, was no longer qualified for employment with DOE, and her employment was, therefore, terminated.

With respect to any alleged discriminatory intent, the Complaint does not set forth a single fact to even hint, much less plausibly suggest that Plaintiff's purported religion was a motivating factor in DOE's decision to deny her reasonable accommodation request or terminate her employment. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). The Complaint does not allege that Plaintiff was criticized in "religiously degrading terms," that "invidious comments" were made about her or others who held the same alleged religious belief, or that there was different or more favorable treatment of others who did not hold her religious beliefs. See D'Cunha v. Northwell Health Sys., No. 1:22-cv-0988, 2023 U.S. Dist. LEXIS 33343, at *6 (S.D.N.Y. Feb. 28, 2023) (quoting Littlejohn v. City of NY, 795 F.3d 297, 312 (2d Cir. 2015)). Other than her broad, conclusory allegations of religious discrimination, Plaintiff's Complaint is devoid of facts that suggest her termination was motivated by religious discrimination. See Lowman v. NVI LLC, 821 Fed. App'x 29, 31 (2d Cir. 2020); see generally Compl.

Plaintiff also cannot rely on her allegation that "other teachers similarly situated were granted exemptions/accommodations" to establish discriminatory animus. Compl. at ¶ 34. This is because Plaintiff does not allege, as she must, a single fact to plausibly suggest that any of these teachers were similarly situated in all material respects to Plaintiff but were granted an

exemption or accommodation to the Vaccine Mandate. See Ruiz v. Cty. Of Rockland, 609 F.3d 486, 494 (2d Cir. 2010) (Title VII); Hamilton v. City of N.Y., 563 F. Supp. 3d 42, 59 (E.D.N.Y. 2021) (CHRL). Accordingly, for all of the reasons set forth above, any Title VII, § 1983, SHRL, and CHRL claims of religious discrimination must be dismissed.

**POINT IV**

**PLAINTIFF FAILS TO STATE FAILURE TO ACCOMMODATE CLAIMS UNDER TITLE VII, § 1983, THE SHRL, AND THE CHRL**

To state a claim for failure to accommodate her religious beliefs under Title VII, Plaintiff must set forth factual allegations demonstrating that 1) she holds a bona fide religious belief that conflicts with an employment requirement; 2) she informed the DOE of her bona fide religious belief; and 3) she was disciplined for failing to comply with the conflicting employment requirement. See Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006). Claims pursuant to the SHRL and § 1983 follow the Title VII framework. See Marte v. Montefiore Med. Ctr., No. 22-CV-03491-CM, 2022 U.S. Dist. LEXIS 186884, at *17 (S.D.N.Y. Oct. 12, 2022); see also Brodt, 4 F. Supp. 3d at 572. Claims pursuant to the CHRL have the same standard but are "construed broadly in the plaintiff's favor." Marte, 2022 U.S. Dist. LEXIS 186884 at *19. If a plaintiff establishes a prima facie case, the "employer must offer the employee a reasonable accommodation, unless doing so would cause an undue hardship." See Baker at 546 (internal quotations omitted); see also Greenbaum v. N.Y. City Transit Auth., No. 21-1777, 2022 U.S. App. LEXIS 22589, at *8 (2d Cir. Aug. 15, 2022).

**A. DOE's Termination of Plaintiff's Employment was not Discipline Because Plaintiff Did Not Comply with a Valid Condition of Her Employment**

As an initial matter, in Kane, a case, similar to this one, brought by DOE employees who had been terminated by the DOE due to their failures to demonstrate proof of COVID-19

11

vaccination, the court conclusively held that in cases where an employee fails to meet a condition of his employment, placement on LWOP and termination **does not constitute "discipline."** See Kane v. De Blasio, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022) (emphasis added). The termination of a public employee for failure to satisfy a lawful condition of employment is unrelated to job performance, misconduct, or competency and, therefore, does not implicate applicable disciplinary procedures. See id. at 363; see also Broecker, 585 F. Supp 3d 299 at 314; Marciano v. De Blasio, 589 F. Supp. 3d 423, 436 (S.D.N.Y. 2022) (where, in dismissing NYPD employee's claim that he had been disciplined for failing to be vaccinated, the court held that the Vaccine Mandate created a condition of the plaintiff's employment, and that his termination based on his failure to meet that condition did not implicate applicable statutory or NYPD disciplinary procedures); O'Reilly v. Bd. of Ed., 2022 N.Y. Slip Op. 30173(U), *3 (Sup. Ct., N.Y. County 2022) (court determined that employment action taken by DOE was "not discipline but instead was merely a response to petitioner's refusal to comply with a condition of employment."); Matter of Clarke v. Bd. Of Educ. of the City School Dist. of the City of N.Y., 213 A.D.3d 548, 550 (1st Dep't 2023) (First Department, in affirming the lower court's determination in the Maniscalco Art. 78 Decision, held that "placement on leave for failure to prove vaccination, a condition of employment […] does not constitute […] discipline.").

　　　　Furthermore, as set forth above, the Vaccine Mandate has consistently been upheld as a valid, lawful "condition of employment" for DOE employees. See. e.g., Broecker, 585 F. Supp. 3d 299 at 314; Gonzalez, 2024 U.S. Dist. LEXIS 56814 at *19; Beickert, U.S. Dist. LEXIS 170719 at *11. This precedent is in line with case law holding that, "under New York law, the termination of a public employee based on the employee's **failure to satisfy a qualification of employment** unrelated to job performance, misconduct, or competency does not implicate the

disciplinary procedures set forth" in the applicable disciplinary statute. See Garland, 574 F. Supp. 3d at 127.

Thus, any employment actions taken by DOE, up to and including termination, with respect to employees, such as Plaintiff, who failed to comply with the Vaccine Mandate was not disciplinary action. Plaintiff, therefore, fails to satisfy the third prong of a failure to accommodate claim, and her claim must be dismissed accordingly.

## B. The DOE Could Not Have Granted Plaintiff's Request For A Religious Exemption From The Vaccine Mandate Without Enduring An Undue Hardship Under Title VII, § 1983, the SHRL or The CHRL

Plaintiff alleges that the DOE "failed to provide a reasonable accommodation and as a result, discriminated against plaintiff on the basis of her religion." See Compl. at ¶ 45. Specifically, Plaintiff alleges that:

> Defendant had knowledge of Plaintiff's sincerely-held religious beliefs yet chose to ignore these beliefs, denied her exemption request and Appeals based upon an **unconstitutional ruling that cited "undue burden" on the Department** without any further details or reason, and terminated her employment. This directly contradicts the ruling in Groff v. Dejoy, U.S. Supreme Court Docket 22-174, June 29, 2023.

Id. at ¶ 42 (emphasis added) (citing Groff v. DeJoy, 600 U.S. 447, 468, 471, 472 (2023)).

Assuming, without conceding and for the purpose of this motion to dismiss only, that Plaintiff plausibly alleged a sincerely held religious belief in the September 20, 2021, letter that she submitted to the DOE requesting to be exempt from the Vaccine Mandate, the DOE could not have accommodated Plaintiff without suffering an undue hardship as a matter of law. In Groff, the Supreme Court clarified the Title VII "undue-hardship" standard for accommodating religious accommodation requests that had previously been established many years earlier in TWA v. Hardison, 432 U.S. 63 (1977). The Supreme Court explained that "courts must apply the [undue

hardship] test in a manner that takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, 'size and operating cost of [an] employer.'" See Groff, 600 U.S. at 470-71. The Supreme Court further explained that "courts should resolve whether a hardship would be substantial in the context of an employer's business in the common-sense manner that it would use in applying any such test." Id. at 471. As explained below, there can be little, if any, doubt that the "practical impact" of "the particular accommodation[] at issue" (exemption from the Vaccine Mandate) imposed an undue hardship on the DOE and its mission.

At the time Plaintiff submitted her request to be exempted from the Vaccine Mandate, Plaintiff was employed as a physical therapist in a New York City public school. See Compl. at ¶ 7. Plaintiff's assertion that "[t]here was no reason why the City of New York could not continue with a vaccine or test policy" (Compl. at ¶ 44) ignores the fact that permitting Plaintiff to work in person while unvaccinated was an undue hardship because "[e]ven if [Plaintiff] took precautions such as wearing gloves, masks, and a face shield, her presence as an unvaccinated individual would have presented a risk to the vulnerable and still primarily unvaccinated student population and other employees." See Beickert, 2023 U.S. Dist. LEXIS 170719 at *14-17. When, "as here, [Plaintiff's] proposed accommodation could conceivably threaten to compromise public safety, the [Defendant's] burden of establishing an undue burden is light indeed." See Sides v. New York State Div. of State Police, No. 03-CV-153, 2005 U.S. Dist. LEXIS 12635, at *17 (N.D.N.Y. June 28, 2005).

## C.  Plaintiff Cannot Plausibly Allege Claims for Failure to Engage in the Interactive Process Under Title VII, § 1983, the SHRL or The CHRL

To the extent that Plaintiff asserts a claim for failure to engage in the interactive process because "[no] reasonable accommodation was offered" (Compl. at ¶ 43) to her, that claim

must be dismissed because there is no independent claim for such failure under Title VII, § 1983, and the SHRL. See Sheng v. M&TBank Corp., 848 F.3d 78, 87 (2d Cir. 2017); see also Greenbaum v. NY City Tr. Auth., No. 21-1777, 2022 U.S. App. LEXIS 22589, at *15 (2d Cir. Aug. 15, 2022); West v. Atkins, 487 U.S. 42, 48 (1988).[6] Although the CHRL permits a standalone claim for failure to engage in the interactive process, that claim must still be dismissed because the DOE engaged in the requisite interactive process with Plaintiff. See LeBlanc v. UPS, No. 11 Civ. 6983, 2014 U.S. Dist. LEXIS 50760, at *54 (S.D.N.Y. Apr. 11, 2014).

Plaintiff's CHRL claim for failure to engage in the interactive process must be dismissed because Plaintiff was informed of how to apply for a religious accommodation to the Vaccine Mandate and she, in fact, applied for an exemption and included a statement in support. Plaintiff was also informed of how to appeal the DOE's denial of her initial request for a religious accommodation and, in fact, submitted her appeal to the Citywide Panel with another letter in support. See generally Compl.; see also Sept. 20, 2021, Letter from Plaintiff; Nov. 30, 2021, Letter from Plaintiff. Numerous recent decisions issued by New York's First Department, appellate court, have held that in adequately informing its employees of the procedure for DOE and City employees to submit reasonable accommodation requests to their respective agencies and how to appeal denials, no further "individualized dialogue" was required given the City's need to evaluate a high volume of reasonable accommodation requests "under a constrained timeline during an evolving public health emergency." See Matter of Marsteller v. City of NY, 217 A.D.3d 543, 545 (1st Dep't 2023), lv appeal denied 41 N.Y.3d 960 (Mar. 19, 2024); Matter of Lebowitz v. Bd. of Educ. of the

---

[6] There is no explicit caselaw stating that a Plaintiff cannot assert an independent claim for failure to engage in the interactive process under § 1983. However, because § 1983 claims are analyzed under the same framework as Title VII claims and there is no independent cause of action for failure to engage in the interactive process under Title VII, Plaintiff likewise cannot raise such a claim under § 1983.

City Sch. Dist. of the City of N.Y., 220 A.D.3d 537 (1st Dep't 2023), *lv appeal denied* 41 N.Y.3d 987 (May 16, 2024); Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 416 (1st Dep't 2023); Matter of Lee v. City of New York, 221 A.D.3d 505 (1st Dep't 2023); Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 221 A.D.3d 456 (1st Dep't 2021).

## POINT V

### PLAINTIFF FAILS TO STATE A RETALIATION CLAIM UNDER THE REHABILITATION ACT

Plaintiff alleges that she established a prima facie case of retaliation under § 504 of the Rehabilitation Act by the DOE "for not getting vaccinated with the COVID vaccine, namely by placing her on the problem code for misconduct and removing her from her salary without due process/accommodation for her religious beliefs . . . ." See Compl. at ¶ 50. To establish a prima facie case of retaliation under the Rehabilitation Act, a plaintiff must plausibly allege that 1) she was engaged in a protected activity, 2) that the alleged retaliator knew that she was involved in a protected activity, 3) that an adverse action was taken against her, and 4) a causal connection exists between the protected activity and the adverse action. See Natofsky v. City of NY, 921 F.3d 337, 353 (2d Cir. 2019). To survive dismissal, the plaintiff must plausibly plead a causal connection between a protected activity and a retaliatory act through either a direct connection or an indirect connection through a "sufficiently close period time" such "that an inference of discrimination would be reasonable." See Shields v. NYC Health & Hosps. Corp., 489 F. Supp. 3d 155, 165 (S.D.N.Y. 2020).

Assuming for the purposes of this motion that Plaintiff engaged in a protected activity when she submitted a religious accommodation request and she suffered adverse actions in the form of being placed on LWOP, being terminated, and having a "problem code" placed on her personnel file, Plaintiff still cannot demonstrate a causal connection between her request and

the alleged adverse actions. Plaintiff concedes that, on September 10, 2021, *before she sought a religious accommodation,* she was informed by DOE that all employees would be placed on LWOP and then terminated from their jobs if they failed to comply with the Vaccine Mandate or did not receive an exemption. See Compl. at ¶ 18. After Plaintiff's exemption request was denied and she refused to comply with the Vaccine Mandate, the DOE "acted in compliance with their previously announced policy." Adams v. NY State Unified Ct. Sys., No. 22-CV-9739, 2023 U.S. Dist. LEXIS 138218, at *11 (S.D.N.Y. Aug. 4, 2023). Plaintiff's placement on LWOP and termination "followed ineluctably from the policy that [DOE] announced before [Plaintiff] applied for an exemption; it was neither personal to her nor based on any protected activity." Id. Because the DOE's policy was "set in motion" before Plaintiff "requested a religious accommodation," the adverse actions she complains about cannot be the basis of a retaliation claim. See id.; see also Niles v. N.Y.C. Hum. Res. Admin., No. 22 Civ. 6307, 2024 U.S. Dist. LEXIS 22588, at *23 (E.D.N.Y. Feb. 7, 2024) (being placed on leave for failing to get vaccinated, after requesting an accommodation and closely after emailing EEO a "complaint of discrimination and retaliation," did not plead retaliation because the vaccine policy was implemented prior to either protected act.). Plaintiff's own allegations establish that even if she had not requested a religious accommodation, she would have been placed on LWOP and thereafter been terminated for failure to get vaccinated. Therefore, Plaintiff cannot plead a causal connection and her retaliation claim must be dismissed.

## POINT VI

## PLAINTIFF FAILS TO PLEAD A FIRST AMENDMENT CLAIM

Plaintiff alleges that a government employer may not "discriminate against religion by implementing policies that exempt employees for more secular reasons more readily than

religious ones." See Compl. at ¶ 38. Defendant interprets this as raising a First Amendment Free Exercise Clause violation.

To prevail on a Free Exercise Clause claim, a plaintiff must establish "that the object of the [challenged law] is to infringe upon or restrict practices because of their religious motivation," or that its "purpose...is the suppression of religion or religious conduct. It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." See Okwedy v. Molinari, 69 Fed. App'x 482, 484 (2d Cir. 2003) (citing Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993)); see also Employment Div. v. Smith, 494 U.S. 872, 879 (1990) ("the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that religion prescribes (or proscribes)") (internal quotations omitted). As such, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." See Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002); see also Smith, 494 U.S. at 879.

The Second Circuit Court of Appeals has found the Vaccine Mandate to be constitutional on its face, and that "in all its iterations, is neutral and generally applicable." See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021). The Vaccine Mandate applies equally to all DOE employees. As such, the relevant inquiry is whether there is a rational basis for the enforcement of the Mandate. That hurdle is easily met. See id.; see also Coughlin v. N.Y.S. Unified Court Sys., No. 22-CV-04002, 2023 U.S. Dist. LEXIS 192576 , at *16 (E.D.N.Y. Oct. 26, 2023).

Rational basis review only requires the government to show that it has chosen a "means for addressing a legitimate goal that is rationally related to achieving that goal." <u>Kane</u>, 19 F.4th at 166. As courts have consistently recognized, during the rapid spread of the COVID-19 pandemic, it was incumbent on the DOE to take steps to mitigate the health risks to its employees by requiring that all DOE employees be vaccinated against COVID-19. <u>See</u> <u>Marciano</u>, 589 F. Supp 3d at 432. The Vaccine Mandate was "a reasonable exercise of the State's power to act to protect the public health," and, consequently, survives rational basis review. <u>See</u> <u>Vasquez</u>, 2024 U.S. Dist. LEXIS 58731 at *4. As such, Plaintiff's Free Exercise Clause claim fails and should be dismissed.

**POINT VII**

**PLAINTIFF HAS NOT PLAUSIBLY ALLEGED THAT HER DUE PROCESS RIGHTS WERE VIOLATED**

**A.     Neither the Vaccine Mandate Nor the DOE's Termination of Plaintiff's Employment Violated Plaintiff's Due Process Rights**

Plaintiff alleges that she was charged with "misconduct for being insubordinate" and then never given a hearing "where she could clarify and particularize her sincere religious beliefs." <u>See</u> Compl. at ¶ 2. Plaintiff further alleges that she was "deprived of due process" because of the DOE's "religious discrimination policy." <u>Id</u>.

To state a violation of due process claim, a plaintiff must establish (1) that she possessed a protected property interest; and, (2) that she faced a deprivation of that interest without constitutionally adequate process. <u>See</u> <u>Peralta v. N.Y. City Dep't of Educ.</u>, No. 21-CV-6833, 2023 U.S. Dist. LEXIS 169529, *7 (E.D.N.Y. Sep. 22, 2023).  Plaintiff fails to do so.

The Second Circuit has explained that "the Constitution mandates only that such process include, at a minimum, notice and the opportunity to respond." <u>See</u> <u>O'Connor v. Pierson</u>, 426 F.3d 187, 198 (2d Cir. 2005). Courts in this circuit have consistently found that the Vaccine

19

Mandate, the process by which DOE employees were notified of the Vaccine Mandate and how to apply for an exemption to the Mandate, and the termination of their employ following an employee's failure to comply with the Mandate, does not implicate and was not violative of due process. See e.g., Broecker, 585 F. Supp. 3d 299; Peralta, U.S. Dist. LEXIS 169529; Garland, 574 F. Supp. 3d 120. Indeed, the Broecker court held that "the pre-and post-deprivation process [DOE plaintiffs] have been afforded upon the deprivation of Plaintiffs' continued employment and pay were, and remain, constitutionally adequate." See Broecker, 535 F.Supp. 3d at 317.

 In her Complaint, Plaintiff alleges that she was notified by DOE of the Vaccine Mandate, of how to apply for an exemption to the Mandate, and clearly alleges facts about all of the steps she followed, from the date she that she was notified of the Mandate through the date her second appeal was denied by the Citywide Panel. See generally Compl. Plaintiff, therefore, was not entitled to more process than she was, and alleges to have been, provided. See Broecker, 585 F. Supp. 3d 299 at 317.

 Moreover, to the extent Plaintiff claims that her due process rights were violated when she was "terminated in February 2022 without just cause . . . and without a due process hearing," that argument should be rejected because, as set forth in Section IV.A, Plaintiff was not disciplined for misconduct when she was terminated for failure to comply with the Vaccine Mandate. See Compl. at ¶ 2. She was terminated for failing to comply with a lawful condition of employment. Accordingly, Plaintiff's due process violation claims should be dismissed.

**B.   Plaintiff Fails To Plausibly Plead A Fifth Amendment Violation**

 Plaintiff also vaguely references the Fifth Amendment of the U.S. Constitution. See Compl. at ¶¶ 1,9,10. To the extent that Plaintiff asserts that the DOE deprived her of due process rights in violation of the Fifth Amendment, such a claim must be dismissed because the Fifth Amendment only applies to actions by the Federal Government. See Becker v. Nassau Boces Sch.

Dist., Bd. of Coop. Educ. Servs., No. 21-CV-2855, 2022 U.S. Dist. LEXIS 177878, at *20 (E.D.N.Y. Sep. 29, 2022).

**POINT VIII**

**PLAINTIFF FAILS TO STATE A STIGMA PLUS CLAIM**

To the extent that Plaintiff attempts to set forth a stigma plus claim, a claim for which Plaintiff has failed to offer any factual or legal support (see Compl. at ¶¶ 1, 4,7), it should be dismissed.

To state a stigma plus claim, a plaintiff must allege "(1) an injury to one's reputation (the stigma); (2) the deprivation of some 'tangible interest' or property right (the plus) (3) absence of adequate process." See Xu v. City of New York, No. 08-CV-11339, 2020 U.S. Dist. LEXIS 25082, *75-76 (S.D.N.Y. Dec. 22, 2020) (quoting Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006)). To demonstrate stigma, a plaintiff must satisfy a three-prong test. First, the plaintiff must show that "the government made stigmatizing statements about her," which statements either "call into question the plaintiff's good name, reputation, honor, or integrity" or "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." Id. at *76. Second, a plaintiff must show that the "stigmatizing statements were made public." Id. Third, a plaintiff must show that "the stigmatizing statements were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal." See Segal, 459 F.3d at 212-13.

In her Complaint, Plaintiff alleges that, after she was placed on LWOP for refusing to get vaccinated against COVID-19, she was "stigmatized permanently by being placed on the Ineligible/Inquiry or 'no hire' Problem Code List," which tagged her "file as guilty of

21

insubordination and misconduct." <u>See</u> Compl. at ¶¶ 4, 22. Even assuming that Plaintiff's characterization of the so-called "problem code" is correct, Plaintiff fails to show that the statements are, in fact, false, let alone stigmatizing. As Plaintiff, herself, alleges, she was not vaccinated. <u>See generally</u> Compl. As such, even if the "problem code" was placed on her personnel file, which the DOE denies, such a code would indicate only that Plaintiff was not vaccinated, which would neither be false or stigmatizing.

Plaintiff also fails to allege that the "problem code" was published by the DOE. Courts have found that an employee simply alleging that they were placed on the "Ineligible/Inquiry" list is insufficient to satisfy the dissemination requirement. <u>See</u> <u>e.g.</u>, <u>McDonald v. Bd. of Educ.</u>, No. 01 Civ. 1991 (NRB), 2001 U.S. Dist. LEXIS 10325, at *23 (S.D.N.Y. July 24, 2001) (holding that a teacher who simply alleges that her name was placed on the DOE's "Ineligible/Inquiry List" without an allegation that the DOE publicly disclosed the stigmatizing grounds for the teacher's dismissal failed to state a denial of liberty interest due process claim); <u>McPherson v. NY City Dep't. of Educ.</u>, 457 F.3d 211, 216-217 (2d Cir. 2006) ("The City has maintained that the reasons for placement on the "Ineligible/Inquiry List" remain confidential, and Plaintiff has provided no evidence suggesting otherwise."); <u>Green v. Dep't. of Educ.</u>, No. 18 Civ.10817 (AT) (GWG), 2019 U.S. Dist. LEXIS 127545, at *34 (S.D.N.Y. July 31, 2019)) (finding that "absence of any claim that [the DOE's internal] lists and codes are communicated to potential employers" fatal to stigma plus claim); <u>Alterescu v. NY City Dep't. of Educ.</u>, No. 21 Civ. 925 (KPF), 2022 U.S. Dist. LEXIS 151763, at *25, n.7 (S.D.N.Y. Aug. 23, 2022) (noting that courts in this "Circuit have conclusively rejected" the argument that being placed on the DOE's "ineligible" or "Problem Code" list is "sufficient to satisfy the public dissemination requirement.")

In any event, DOE implemented a separate internal code, unrelated to performance or misconduct issues, specific to the Vaccine Mandate to ensure that vaccination status was reviewed prior to any return of an employe placed on LWOP due to non-compliance with the Vaccine Mandate. Courts have found such internal human resources comments and notations not to be considered defamatory and in fact protected by a qualified privilege. "New York recognizes a qualified privilege for allegedly defamatory statements made between persons who share a common interest in the subject matter." See Vaughn v Am. Multi Cinema, Inc., No. 09 Civ. 8911 (BSJ), 2010 U.S. Dist. LEXIS 96609, *7 (S.D.N.Y. Sep. 11, 2010). More particularly, "communications by supervisors or coworkers made in connection with the evaluation of an employee's performance, including allegations of employee misconduct and communications regarding the reasons for an employee's discharge, fall within the privilege." See Albert v. Loksen, 239 F.3d 256, 272 (2d Cir. 2001).

Plaintiff's alleged "problem code" designation is not only protected from stigma plus claims by a qualified privilege, but it was an accurate record. See Compl. at ¶ 2 (Plaintiff chose to not get vaccinated); see also Albert, 239 F.3d at 272. In fact, Plaintiff does not dispute that the "problem code"—a notation of her failure to comply with a lawful condition of employment—was true.

Finally, even if Plaintiff could satisfy the stigma and publication elements, she cannot establish an "absence of adequate process" because, as set forth in Point VII above, Plaintiff was given all of the process she was due and courts throughout this Circuit have held that the Vaccine Mandate does not implicate due process rights. Therefore, Plaintiff's stigma plus claim should be dismissed.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant respectfully requests that the Court grant its

motion to dismiss the complaint in its entirety and deny the relief requested therein, together with

costs, and grant such other and further relief as this Court deems just and proper.


Dated:        New York, New York
              August 29, 2024

                              **MURIEL GOODE-TRUFANT**
                              Acting Corporation Counsel of the City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-193
                              New York, New York 10007
                              (212) 356-2444

                      By:    /s/   *Shivani R. Damera*
                              Shivani R. Damera
                              Assistant Corporation Counsel