No. 24-cv-3506-RPK-LB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARBARA HILL

             Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

             Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*
*of the City of New York*
*Attorney for Defendant*
*100 Church Street, 2-193*
*New York, N.Y. 10007*

Of Counsel: Shivani Damera
Tel: (212) 356-2444
Matter No.: 2024-050543

**DATE OF SERVICE: November 8, 2024**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 1

    POINT I

        PLAINTIFF HAS ABANDONED CLAIMS ............................................. 1

    POINT II

        PLAINTIFF FAILED TO COMPLY WITH THE APPLICABLE NOTICE OF CLAIM REQUIREMENTS ........................................................................ 2

    POINT III

        PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED ........................................................................................................ 3

    POINT IV

        PLAINTIFF FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION ............................................................. 3

    POINT V

        PLAINTIFF FAILS TO PLEAD A FIRST AMENDMENT FREE EXERCISE CLAIM ............................................... 4

    POINT VI

        PLAINTIFF FAILS TO STATE FAILURE TO ACCOMMODATE CLAIMS UNDER TITLE VII, § 1983, THE SHRL, AND THE CHRL ..................................... 5

    POINT VII

        PLAINTIFF FAILS TO STATE A RETALIATION CLAIM ........................................................................................................... 7

POINT VIII

    PLAINTIFF STIGMA PLUS AND FRAUD IN THE
    INDUCEMENT CLAIMS FAIL ................................................................. 8

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

Alterescu v. N.Y.C. Dep't of Educ.,
   21 Civ. 925 (KPF), 2022 U.S. Dist. LEXIS 151763
   (S.D.N.Y. Aug. 23, 2022) ............................................................................................ 9

Avillan v. Donahoe,
   483 F. App'x 637 (2d Cir. 2012) ................................................................................ 8

Baker v. Home Depot,
   445 F.3d 541 (2d Cir. 2006) ........................................................................................ 6

Boss v. Kelly,
   306 F. App'x 649 (2d Cir. 2009) ................................................................................ 9

Broecker v. N.Y.C. Dep't of Educ.,
   573 F. Supp. 3d 878 (E.D.N.Y. 2021) ........................................................................ 9

Broecker v. N.Y.C. Dep't of Educ.,
   585 F. Supp. 3d 299 (E.D.N.Y. 2022) .................................................................. 9, 10

C.F. v. N.Y.C. Dep't of Health & Mental Hygiene,
   191 A.D.3d 52 (2d Dep't 2020) .................................................................................. 5

Doe v. Bd. of Regents of the Univ. of Colorado,
   100 F.4th 1251 (10th Cir. 2024) ................................................................................. 6

Dortch v. N.Y.C. Dep't of Educ.,
   2016 U.S. Dist. LEXIS 39646
   (E.D.N.Y. Mar. 23, 2016) ........................................................................................... 3

Helwing v. City of N.Y.,
   2021 U.S. Dist. LEXIS 38243
   (E.D.N.Y. Mar. 1, 2021) ................................................................................ 1, 2, 4, 8

Kane v. DeBlasio,
   19 F.4th 152 (2d Cir. 2021) ............................................................................. 5, 7, 10

Lall v. City of N.Y.,
   No. 17-CV-3609, 2021 U.S. Dist. LEXIS 42357
   (E.D.N.Y. Mar. 5, 2021) ............................................................................................. 2

Matter of Lebowitz v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
   220 A.D.3d 537 (1st Dep't 2023),
   *lv appeal denied*,
   41 N.Y.3d 987 (May 16, 2024) ................................................................................... 6

**Cases**                                                                                                                     **Pages**

Marciano v. DeBlasio,
    589 F. Supp. 3d 423 (S.D.N.Y. 2022)..................................................................................10

Sadallah v. City of Utica,
    383 F.3d 34 (2d Cir. 2004)..................................................................................................9

Soberal-Perez v. Schweiker,
    549 F. Supp. 1164 (E.D.N.Y. 1982).....................................................................................4

Sotomayor v. City of N.Y.,
    862 F. Supp. 2d 226 (E.D.N.Y. 2012)..................................................................................3

Velez v. Levy,
    401 F.3d 75 (2d Cir. 2005)..................................................................................................9

We the Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (2d Cir. 2021) ............................................................................................5, 7

Weber v. City of N.Y.,
    973 F. Supp. 2d 227 (E.D.N.Y. 2013)..................................................................................4

**Statutes**

42 U.S.C. § 1983..................................................................................................................2, 5

Educ. Law § 3020-a ...................................................................................................................7

Educ. Law § 3813 .......................................................................................................................2

Educ. Law § 3813(1)...................................................................................................................3

Educ. Law § 3813(2-b) ...............................................................................................................3

Fed. R. Civ. P. 9(b) ...................................................................................................................10

Rehabilitation Act § 504 .............................................................................................................7

## PRELIMINARY STATEMENT

Plaintiff brings this action alleging that in denying her request for a religious exemption to the COVID-19 Vaccine Mandate and subsequently terminating her employment, the DOE discriminated against her on the basis of her religion, failed to accommodate her religion, and violated a number of her constitutional rights. Defendant moved to dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff failed to comply with applicable notice of claim requirements in connection with her state law claims; (2) Plaintiff's claims are time-barred in part; and (3) Plaintiff has otherwise failed to plead any plausible claims.

In opposition, Plaintiff largely fails to directly address Defendant's arguments in support of dismissal. Instead, Plaintiff erroneously contends either that she did not have to comply with the notice of claim requirements, yet also claims that she timely complied. Plaintiff also wrongly contends that she has plausibly alleged religious discrimination, failure to accommodate, a First Amendment retaliation claim, a stigma plus claim, and a fraud in the inducement claim. However, these arguments are without merit and fail as a matter of law. For these reasons, and for those set forth in Defendant's initial moving papers, the Court should grant Defendant's motion to dismiss the Complaint in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFF HAS ABANDONED CLAIMS

When a plaintiff fails to address a defendant's arguments for dismissal, the plaintiff abandons those claims. See Helwing v. City of NY, 2021 U.S. Dist. LEXIS 38243, at *8 (E.D.N.Y. Mar. 1, 2021). Here, in failing to rebut Defendant's argument that Plaintiff was not entitled to more process than she was provided, Plaintiff abandoned her Fourteenth Amendment due process claim. See Def. Mem., at pp.19-20; see generally Compl. Similarly, Plaintiff, fails to rebut Defendant's

argument that the Fifth Amendment only applies to the federal government. See Def. Mem., at pp.20-21; see generally Compl. As such, Plaintiff abandoned these claims and they should be dismissed accordingly. See Helwing, 2021 U.S. Dist. LEXIS 38243 at *8.

## POINT II

### PLAINTIFF FAILED TO COMPLY WITH THE APPLICABLE NOTICE OF CLAIM REQUIREMENTS

In Plaintiff's Opposition, Plaintiff argues that "notice of claim provisions are inapplicable to § 1983 actions brought in federal court" and as such "filing a notice of claim was not a prerequisite to the federal-court suit." See Pl.'s Opp. at 4.

However, at no time has Defendant argued that Plaintiff failed to comply with the applicable notice of claim requirements regarding her § 1983 claims. See Def. Mem., at pp. 7-8. Rather, Defendant argued that Plaintiff failed to timely comply with applicable notice of claim requirements set forth in Education Law § 3813 with respect to her SHRL and CHRL claims. Indeed, this court has held that "[f]ailure to satisfy [§ 3813's] requirements is 'fatal' to a claim filed against a school board under state or city law regardless of whether the claim is brought in state or federal court." See Lall v. City of NY, No. 17-CV-3609, 2021 U.S. Dist. LEXIS 42357, at *15 (E.D.N.Y. Mar. 5, 2021). As explained in Defendant's motion to dismiss, Plaintiff did not file a notice of claim until May 9, 2023, well beyond one year after her termination on March 17, 2022. See Def. Mem., at 7. Therefore, given that Plaintiff failed to meet a precondition to filing suit by failing to file a timely notice of claim within ninety days of the date on which her purported claim arose, Plaintiff's SHRL and CHRL claims must be dismissed.

## POINT III

### PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED

Plaintiff erroneously claims that that Plaintiff's CHRL and SHRL claims are not time-barred because the "Human Rights Law has . . . a 3-year statute of limitations." See Pl.'s Opp. at 5. However, while the statute of limitations under the SHRL and CHRL is generally three years, "New York law provides a shorter statute of limitations for claims against schools, school districts, and boards of educations." See Sotomayor v. City of NY, 862 F. Supp. 2d 226, 249 (E.D.N.Y. 2012). Indeed, New York Education Law §§ 3813(1) and 3813(2-b) provides that claims against DOE for violation of the SHRL and CHRL are subject to a one-year statute of limitations. See id; see also Dortch v. NY City Dept. of Educ., 2016 U.S. Dist. LEXIS 39646, at *28 (E.D.N.Y. Mar. 23, 2016). Plaintiff commenced this action on May 14, 2024. See Compl. Therefore, all SHRL and CHRL claims against DOE predicated on conduct alleged to have occurred prior to May 14, 2023 are time-barred and must be dismissed.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION

In its motion to dismiss, Defendant argued that the Complaint is devoid of any facts that suggest Plaintiff's religion was a motivating factor in any of the alleged conduct. See Def. Mem., at 10. In her Opposition, Plaintiff fails to meaningfully respond to this argument. Instead, the only argument Plaintiff makes in defense of her religious discrimination claim is that the Citywide Panel was discriminatory. Nevertheless, as it pertains to her CHRL religious discrimination claim, Plaintiff still fails to allege a single fact to plausibly suggest that any of the "other teachers similarly situated" whom Plaintiff alleges "were granted exemptions/accommodations" were in fact similarly situated **in all material respects** to Plaintiff.

3

By failing to even address the arguments set forth in Defendant's motion to dismiss, Plaintiff has abandoned any otherwise applicable argument and her claim should be dismissed. See Helwing, 2021 U.S. Dist. LEXIS 38243 at *8.

With respect to any alleged discriminatory intent, Plaintiff argues that the Citywide Panel was a "secret group" that "was constitutionally unsound" and "not in compliance with the 14th Amendment Due Process Clause," which, she contends, "is most certainly discriminatory and in bad faith" and as such "an inference that [she] was discriminated against and set up to fail must be made." See Pl.'s Opp. at 7. While Plaintiff's claim that "nothing was known at all about the 'The Citywide Panel'" prior to Eric Eichenholtz's deposition being made public is, frankly irrelevant, Plaintiff's conclusory allegations that the Citywide Panel "was constitutionally unsound" and "not in compliance with the 14th Amendment Due Process Clause" is insufficient to show an inference of discrimination. Other than her own, bald assertions, Plaintiff has not sufficiently plead any actual facts to suggest that the Citywide Panel in any way acted in bad faith or with discriminatory intent. Therefore, while Plaintiff may feel that the Citywide Panel was inequitable, her subjective belief is not a sufficient basis on which to conclude that it was unconstitutional and as such discriminatory. See Soberal-Perez v. Schweiker, 549 F. Supp. 1164, 1175 (E.D.N.Y. 1982); see also Weber v. City of NY, 973 F. Supp. 2d 227, 254 (E.D.N.Y. 2013).

## POINT V

### PLAINTIFF FAILS TO PLEAD A FIRST AMENDMENT FREE EXERCISE CLAIM

Plaintiff's Opposition fails to make any argument in support of her First Amendment Free Exercise Claim. Rather, Plaintiff simply regurgitates case law about the First Amendment without positing why her First Amendment claim should not be dismissed. See Helwing, 2021 U.S. Dist. LEXIS 38243 at *8.

4

In any event, the Vaccine Mandate at issue here has consistently been upheld as a lawful and constitutionally permissible condition of employment. The Vaccine Mandate applied equally to all DOE employees and is facially neutral because "its restrictions apply equally to those who choose to remain unvaccinated for any reason," not just for religious reasons. See Kane v. DeBlasio, 19 F.4th 152, 164 (2d Cir. 2021). Because a law that is facially neutral and generally applicable is subject to rational basis review even if it incidentally burdens a particular religious practice, the relevant inquiry here is whether there is a rational basis for the enforcement of the Vaccine Mandate. The Vaccine Mandate is "a reasonable exercise of the [City's] power to act to protect the public health" during the COVID-19 pandemic, and survives rational basis review. See We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 280 (2d Cir. 2021); see also Kane, 19 F.4th at 166; C.F. v. NY City Dept. of Health & Mental Hygiene, 191 A.D.3d 52, 69 (2d Dep't 2020). Accordingly, Plaintiff's Free Exercise claims must be dismissed.

## POINT VI

**PLAINTIFF FAILS TO STATE FAILURE TO ACCOMMODATE CLAIMS UNDER TITLE VII, § 1983, THE SHRL, AND THE CHRL**

In her Opposition, Plaintiff argues that Defendant never gave her an "explanation of the denial [of her reasonable accommodation request], presumably an alleged 'undue burden'" and that Defendant "never engaged in a cooperative dialogue with [her] regarding an accommodation to satisfy the requisites of her job." See Pl.'s Opp. at pp.13-14. This is plainly untrue. In the email Plaintiff received from the Citywide Panel regarding Plaintiff's reasonable accommodation appeal determination, which Plaintiff attaches to her Opposition, it clearly states that the decision to deny Plaintiff's appeal was because "DOE has demonstrated that it would be an undue hardship to grant accommodation to the employee given the need for a safe environment

5

for in-person learning." See Plaintiff's Exhibit J. Thus, contrary to Plaintiff's assertion, she was in fact given a reason for why her reasonable accommodation request was denied.

Additionally, Plaintiff's argument that Defendant did not engage in a cooperative dialogue is belied by the fact that she admits she submitted an appeal to the Citywide Panel and had the opportunity to submit any documentation she chose in support of her appeal. See generally Complaint. New York courts have held that this satisfies the cooperative dialogue requirement of the CHRL. See, *e.g.*, Matter of Lebowitz v. Bd. of Educ. of the City Sch. Dist. of the City of NY, 220 A.D.3d 537 (1st Dep't 2023), *lv appeal denied* 41 N.Y.3d 987 (May 16, 2024). Thus, Plaintiff's claims that DOE failed to engage in a cooperative dialogue should be dismissed.

As Plaintiff acknowledges, an "employer must offer [her] a reasonable accommodation unless doing so would cause the employer to suffer an undue hardship." See Baker v. Home Depot, 445 F.3d 541, 546 [(2d Cir. 2006). Plaintiff seems to rely on a court decision from a different jurisdiction, Doe v. Bd. of Regents of the Univ. of Colorado, 100 F.4th 1251 (10th Cir. 2024), to suggest that DOE has not demonstrated that it would suffer an "undue hardship" or "undue burden" by allowing Plaintiff to continue teaching without having received a Covid vaccination. See Pl. Opp. at pp.5-6. However, reliance on Doe is misplaced. Doe involved a Free Exercise claim under the First Amendment. In that case, the court held that the University could not grant exemptions for some religions, but not others, nor grant secular exemptions on more favorable terms than religious exemptions. Thus, that case does not apply to the question of whether DOE's grant of a religious exemption to Plaintiff would have caused DOE to suffer an undue hardship within the meaning of Title VII and the other anti-discrimination statutes upon which Plaintiff relies.

Plaintiff's suggestion that she could have been accommodated without an undue hardship by assigning Plaintiff to non-teaching administrative duties outside of a classroom, derisively called by some teachers as being assigned to the "rubber room," is clearly specious. See Pl.'s Opp at 15. First, DOE will sometimes temporarily reassign tenured teachers who have been served with disciplinary charges under New York Education Law § 3020-a to administrative duties outside of the classroom in situations where the proposed charges render it inappropriate for the teacher to have contact with students pending adjudication of the charges. Here, Plaintiff failed to comply with a condition of employment, thus was not entitled to the due process protections of § 3020-a. Courts in this Circuit have found that the Vaccine Mandate was a lawful condition of employment. See, e.g., We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 294 (2d Cir. 2021). Second, assigning an unvaccinated employee to work with other employees and with students would pose a safety issue. Importantly, the purpose of the Vaccine Mandate was to ensure the safety of those within its educational environment. See Kane, 623 F. Supp. 3d 339 at 354.

Accordingly, Plaintiff's failure to accommodate claims should be dismissed.

## POINT VII

### PLAINTIFF FAILS TO STATE A RETALIATION CLAIM

Plaintiff fails to address Defendant's assertion that because the Vaccine Mandate was set in motion before Plaintiff applied for an exemption, it was neither personal to her nor based on protected activity and as such cannot be the basis of a retaliation claim. See Def. Mem., at pp.16-17. Instead, Plaintiff impermissibly attempts to amend her Complaint and relies solely on a newly-alleged theory of retaliation based on the First Amendment. See Pl.'s Opp. at pp. 16-17.

As an initial matter, Plaintiff has abandoned her claim that she was retaliated against under § 504 of the Rehabilitation Act by the DOE for not getting vaccinated with the

7

COVID vaccine." See Helwing, 2021 U.S. Dist. LEXIS 38243 at *8. Furthermore, Plaintiff's claim of retaliation under the First Amendment is improperly plead for the first time in opposition, and consistent with settled caselaw, this new alleged cause of action should therefore not be considered by this Court. See Avillan v. Donahoe, 483 F. App'x 637, 639 (2d Cir. 2012).[1]

## POINT VIII

### PLAINTIFF STIGMA PLUS AND FRAUD IN THE INDUCEMENT CLAIMS FAIL

In her Opposition, Plaintiff claims that she was she was stigmatized when she was "placed on the problem code [and] her fingerprints were flagged which meant she was blocked from ever getting a job with Defendant due to the stigma attached to her file." See Pl.'s Opp. at 21. Plaintiff also now alleges a claim for "fraud in the inducement." See Pl.'s Opp. at pp.18-23. Specifically, Plaintiff claims that "Defendant committed fraud on the employees who applied for religious exemptions, when the Defendant made a secret deal with the UFT to change the terms of employment as well as the articles in the contract (CBA) for employees without these issues ever being brought to any employee, including Plaintiff." See Pl.'s Opp. at 22. Plaintiff also claims that "Defendant then gave, reluctantly, false hope to more than 1000 employees as they were told they could apply for religious exemptions from first the Scheinman SAMS Arbitratorts, and then the Citywide Panel." Id. Finally, Plaintiff argues that "Scheinman's September 10, 2021 Award was a fraud because he wrote that LWOP, the . . . suspension . . . of tenured and untenured educators who [refused] the COVID vaccine was 'not' disciplinary, but it most certainly was disciplinary

---

[1] Plaintiff's First Amendment retaliation claim still fails as a matter of law. In her opposition, Plaintiff now contends that she "engaged in speech protected by the First Amendment, namely discussing her religious beliefs, that she suffered an adverse employment action, and that a causal connection between the two existed." See Pl.'s Opp. at 17. While Plaintiff's Complaint and opposition are devoid of any allegation that she engaged in such protected speech, except to explain the reason for request to be exempt from the Vaccine Mandate, Plaintiff still fails to state a plausible claim that she was terminated because of the "speech" and not because she failed to comply the Vaccine Mandate.

8

because of the very secret placement of all unvaccinated employees onto the problem code." See Pl.'s Opp. at pp.22-23. These arguments should be rejected for several reasons.

First, any putative stigma plus claim fails because Plaintiff was given multiple opportunities to articulate her sincere religious beliefs. See Exhibits B, C annexed to the Damera Decl. Second, Plaintiff fails to plausibly plead a "stigma," i.e. a statement about her that is injurious to her reputation, that is false and a "plus," which is "some tangible and material state-imposed burden in addition to the stigmatizing statement." See Boss v. Kelly, 306 Fed. Appx. 649, 651 (2d Cir. 2009) (summary order) (quoting Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005)); see also Def. Mem., at pp.21-23. Plaintiff appears to now rely upon inadmissible hearsay articles on the internet website of a putative advocate for teachers and a blog (Pl.'s Opp. at 23) and Plaintiff's Exhibit Q, to suggest that the problem code information contained in the DOE's database is disclosed outside of the DOE – it is not. See Alterescu v. NY City Dept. of Educ., 21 Civ. 925 (KPF), 2022 U.S. Dist. LEXIS 151763, at *25 n.7 (S.D.N.Y. Aug. 23, 2022). In any event, there can be no dispute that the statement that Plaintiff was terminated for failure to comply with the Vaccine Mandate was true. As such, Plaintiff's stigma plus claim fails as a matter of law. Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004) (quotation marks and citation omitted).

Second, setting aside the absurdity of Plaintiff's contention that Defendant made a "secret deal" with UFT, Plaintiff does not have standing to challenge the Impact Arbitration Award. See Broecker v. N.Y.C. Dep't of Educ., 573 F. Supp. 3d 878, 886 (E.D.N.Y. 2021). Further, the Arbitration Agreement was not "secret because its terms are publicly available. See Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 312 (E.D.N.Y. 2022). The UFT was the recognized bargaining representative for Plaintiff which negotiated the procedures for implementation of the Vaccine Mandate. See Def. Mem., at 2. Finally, Plaintiff fails to explain

9

in a non-conclusory fashion how any alleged agreements between the UFT and Defendant were fraudulent, a necessary element of a fraud claim. See Fed. R. Civ. P. 9(b).

Third Plaintiff's argument that Defendant gave "false hope to more than 1000 employees" and that both the Scheinman Arbitrators and the Citywide Panel were "bogus in terms of state and federal law" because "[d]enials were pre-set" must be rejected because it does not satisfy the elements of a fraud claim. See Fed. R. Civ. P. 9(b). Plaintiff does not allege any facts to support her claim that "[d]enials were pre-set," much less who "pre-set" the denials, when the decision to deny was "pre-set," and where the decision to deny was "pre-set." With respect to the "SAMS arbitrators," any claim of fraud that the "denials were pre-set" is undermined by the fact that some accommodation requests were indeed granted. See Kane, 623 F. Supp. 3d at 362.

Finally, Plaintiff's argument that the Scheinman Award was fraud because of the "secret placement of all unvaccinated employees onto the problem code" must be rejected because enforcement of the Vaccine Mandate was not disciplinary. See Broecker, 585 F. Supp 3d 299 at 314; see also Marciano v. De Blasio, 589 F. Supp. 3d 423, 436 (S.D.N.Y. 2022) (where, in dismissing NYPD employee's claim that he had been disciplined for failing to be vaccinated, the court held that the Vaccine Mandate created a condition of the plaintiff's employment, and that his termination based on his failure to meet that condition did not implicate applicable statutory or NYPD disciplinary procedures). Additionally, and relatedly, this argument cannot save Plaintiff's fraud claim because it fails to explain why the alleged statement that LWOP and suspensions of unvaccinated teachers was fraudulent. Accordingly, Plaintiff's claims should be dismissed.

## **CONCLUSION**

For the foregoing reasons and for the reasons set forth in their initial moving papers, Defendant respectfully request that this Court grant its motion to dismiss the Complaint and dismiss Complaint, together with such other and further relief as this Court deems just and proper.

Dated:     New York, New York
              November 8, 2024

        **MURIEL GOODE-TRUFANT**
        Acting Corporation Counsel of the City of New York
        Attorney for Defendants
        100 Church Street, Room 2-193
        New York, New York 10007
        (212) 356-2444
By:   /s/ *Shivani Damera*
        Shivani R. Damera
        Assistant Corporation Counsel