No. 24-cv-3506-RPK-LB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARBARA HILL,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

Defendant.

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

*MURIEL GOODE-TRUFANT*
*Corporation Counsel*
*of the City of New York*
*Attorney for Defendant*
*100 Church Street, 2-197*
*New York, N.Y. 10007*

*Of Counsel: Shivani Damera*
*Tel: (212) 356-2444*
*Matter No.: 2024-050543*

**DATE OF SERVICE: May 13, 2025**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... II

PRELIMINARY STATEMENT ......................................................................................... 1

STANDARD OF REVIEW ............................................................................................... 1

ARGUMENT

       POINT I

              PLAINTIFF'S SHRL, CHRL, AND FRAUD CLAIMS WERE DISMISSED WITH PREJUDICE ................................. 3

       POINT II

              PLAINTIFF'S NEW ALLEGATIONS OF DISPARATE TREATMENT ARE FUTILE ............................................... 4

       POINT III

              PLAINTIFF'S FREE EXERCISE CLAIM IS FUTILE ...................................................................................... 6

       POINT IV

              PLAINTIFF'S DUE PROCESS CLAIM IS FUTILE ................................................................................... 6

       POINT V

              PLAINTIFF'S MONELL CLAIM IS FUTILE ......................................... 8

CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)...................................................................................... 2-3

Barrett v. United States Banknote Corp.,
    806 F. Supp. 1094 (S.D.N.Y. 1992).................................................................2

Bell Atlantic v. Twombly,
    550 U.S. 544 (2007)........................................................................................3

Bermudez v. City of New York,
    783 F. Supp. 2d 560 (S.D.N.Y. Mar. 25, 2011)................................................8

Berrio v. City of New York,
    No. 15 Civ. 9570, 2018 U.S. Dist. LEXIS 85892
    (S.D.N.Y. May 9, 2018)...................................................................................2

Broecker v. NY City Dept. of Educ.,
    No. 21-CV-6387, 2023 U.S. Dist. LEXIS 55541
    (E.D.N.Y. Mar. 30, 2023).................................................................................7

City of Los Angeles v. Heller,
    475 U.S. 796 (1986)........................................................................................8

Dougherty v. North Hempstead Board of Zoning Appeals,
    282 F.3d 83 (2d Cir. 2002)..............................................................................2

Duling and Anderson v. Gristede's Operating Corp.,
    265 F.R.D. 91 (S.D.N.Y. 2010)......................................................................2

Health-Chem Corp. v. Baker,
    915 F.2d 805 (2d Cir. 1990).............................................................................2

Johnson v. Andy Frain Servs., Inc.,
    638 F. App'x. 68 (2d Cir. 2016).......................................................................4

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) ............................................................................6

Leibowitz v. Cornell Univ.,
    584 F.3d 487 (2d Cir. 2009).............................................................................4

**Statutes**                                                   **Pages**

Lucente v. IBM,
310 F.3d 243 (2d Cir. 2001)................................................................2

Mandell v. Cty. of Suffolk,
316 F.3d 368 (2d Cir. 2003)................................................................4

Marcus v. Leviton Mfg. Co.,
661 F. App'x. 29 (2d Cir. 2016) .........................................................5

Martinez v. City of New York,
No. 06 CV 5671 (WHP), 2008 U.S. Dist. LEXIS 49023
(S.D.N.Y. June 27, 2008),
aff'd sub nom, Martinez v. Muentes,
340 F. App'x 700 (2d Cir. 2009) .........................................................8

McDonnell Douglas v. Green,
411 U.S. 792 (1973)............................................................................4

Monell v. Dep't of Social Services,
436 U.S. 658 (1978).........................................................................18

Nettis v. Levitt,
241 F.3d 186 (2d Cir. 2001)................................................................2

New Yorkers for Religious Liberty, Inc. v. City of NY,
125 F.4th 319 (2d Cir. 2024) ..............................................................6

Ruiz v. Cty. Of Rockland,
609 F.3d 486 (2d Cir. 2010)................................................................5

S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Building 1 Hous. Dev. Fund Co.,
608 F.2d 28 (2d Cir. 1979)..................................................................2

Simms v. City of New York,
480 F. App'x 627 (2d Cir. 2012) .........................................................8

We the Patriots USA, Inc. v. Hochul,
17 F.4th 266 (2d Cir. 2021) ................................................................6

Yerdon v. Henry,
91 F.3d 370 (2d Cir. 1996)..................................................................2

**Statutes**

42 U.S.C. § 1983................................................................................8

**Statutes**                                                                 **Pages**

Fed. R. Civ. P. 12(b)(6)........................................................................................................2

Fed. R. Civ. P. 15(a) ...........................................................................................................1

N.Y. Exec. Law § 296.........................................................................................................3

iv

## PRELIMINARY STATEMENT

Plaintiff, Barbara Hill, a physical therapist currently employed by Defendant, New York City Department of Education ("DOE"), commenced this action alleging that the DOE, by denying her reasonable accommodation request for a religious exemption to the COVID-19 Vaccine Mandate and subsequently terminating her employment due to her failure to get vaccinated, discriminated against her. See ECF Doc. No. 1. Defendant moved to dismiss the complaint in its entirety. See ECF Doc. Nos. 15, 20.

On March 20, 2024, the Court (Justice Rachel P. Kovner) granted in part and denied in part Defendant's Motion to dismiss the Complaint. See ECF Minute Entry and Order, dated March 20, 2025. Plaintiff now seeks to amend her complaint for the first time to add a claim under the Monell doctrine, and to "enlarge[]" her disparate treatment, religious discrimination, and failure to accommodate claims. See Pl.'s Letter Motion to Amend, ECF Doc. No. 23.

Plaintiff's motion to amend should be denied for several reasons. First, despite the Court's order dismissing the claims Plaintiff brought pursuant to the New York City State and City Human Rights Laws, Plaintiff's amended complaint continues to assert claims and cite to case law pursuant to the New York State Human Rights Law ("SHRL") and the City Human Rights Law ("CHRL"). Plaintiff also continues to impermissibly allege a fraud claim. Second, Plaintiff fails to cure any of the deficiencies clearly outlined in the Court's March 20, 2025 Order ("March 2025 Order").

Therefore, for the reasons set forth below, the Court should deny Plaintiff's motion to amend her complaint with respect to her disparate treatment, free exercise, and Monell claims.

## STANDARD OF REVIEW

Plaintiff's Motion to Amend is governed by Rule 15(a), Federal Rules of Civil Procedure ("FRCP"), which provides that leave to amend "shall be freely given when justice so

requires." "A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." See S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Building 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979); see also Yerdon v. Henry, 91 F.3d 370, 378 (2d Cir. 1996) ("Where it appears that granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend."). A motion seeking leave to amend the complaint may be denied for undue delay, bad faith, futility, undue prejudice to the non-moving party, or repeated failure to cure deficiencies by previous amendments. See Berrio v. City of New York, No. 15 Civ. 9570, 2018 U.S. Dist. LEXIS 85892, *8-9 (S.D.N.Y. May 9, 2018) (citation omitted).

An amendment is futile if the movant cannot demonstrate "at least colorable grounds for relief." See S.S. Silberblatt, 608 F.2d at 42. "The 'colorable grounds' requirement mandates 'an inquiry--comparable to that required by Fed. R. Civ. P. 12 (b)(6). . . --as to whether the proposed amendments state a cognizable claim . . . .'" See Barrett v. United States Banknote Corp., 806 F. Supp. 1094, 1098 (S.D.N.Y. 1992); see also S.S. Silberblatt, 608 F.2d at 42. When a proposed amended complaint cannot withstand a motion to dismiss pursuant to FRCP Rule 12(b)(6), leave to amend should be denied. See e.g., Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2001); Dougherty v. North Hempstead Board of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); Nettis v. Levitt, 241 F.3d 186, 193 (2d Cir. 2001); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) ("Where, as here, there is no merit in the proposed amendments, leave to amend should be denied."); Duling and Anderson v. Gristede's Operating Corp., 265 F.R.D. 91, 103-04 (S.D.N.Y. 2010) (collecting cases).

To survive a Rule 12(b)(6) challenge, a pleading must contain sufficient factual matter, accepted as true, so as to make a claim plausible on its face. See Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009); <u>see</u> <u>also</u> <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 570 (2007). A court is not obligated to accept as true legal conclusions couched as factual allegations. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.

<u>ARGUMENT</u>

POINT I

**PLAINTIFF'S SHRL, CHRL, AND FRAUD CLAIMS WERE DISMISSED WITH PREJUDICE**

As an initial matter, Plaintiff's fraud in the inducement claim, and religious discrimination and failure to accommodate claims under the SHRL and CHRL, must be dismissed as futile because the Court dismissed these claims with prejudice for lack of timely notice of claim. <u>See</u> March 20, 2025 Telephonic Conference Transcript ("Tr."), annexed to the Declaration of Shivani R. Damera, dated May 16, 2025 as Exh. A, at 7:15-18.

On March 20, 2025, Justice Rachel P. Kovner granted in part and denied in part Defendant's Motion to dismiss. <u>See</u> ECF Minute Entry and Order, dated March 20, 2025. Specifically, the Court dismissed Plaintiff's SHRL, CHRL, and fraud claims with prejudice. <u>Id</u>. Despite clear and unequivocal directions by the Court and her own statements providing otherwise (Pl.'s Letter Motion to Amend), Plaintiff continues to assert, and seeks to recover on, causes of actions that were already dismissed. Plaintiff also now asserts fraud in the inducement.

In the Amended Complaint, Plaintiff alleges that her rights under "city and State Human Rights Laws . . . have been violated." <u>Id</u>. at ¶ 62. Similarly, Plaintiff alleges that "Defendant subjected [her] to discrimination on the basis her religion" and "failed to provide a reasonable accommodation" in violation of "N.Y. Executive Law § 296 (New York State Human Rights Law), and N.Y.C. Human Rights Law." <u>Id</u>. at ¶¶ 84, 92. Moreover, Plaintiff alleges that "Defendant wrongfully, deliberately, in bad faith and under color of law attempted to fraudulently induce her

3

to choose to relinquish her protected beliefs in order to submit to an experimental vaccine." <u>See</u> Proposed Amended Complaint ("Am. Compl.") at ¶¶ 62, 80.

Since the Court has clearly dismissed these claims with prejudice, Plaintiff's attempt to re-plead these claims in an amendment are futile.

**POINT II**

**PLAINTIFF'S NEW ALLEGATIONS OF <u>DISPARATE TREATMENT ARE FUTILE</u>**

To establish a prima facie case of discrimination under Title VII, a plaintiff must establish the elements set forth in <u>McDonnell Douglas v. Green</u>, 411 U.S. 792 (1973).[1] Under this framework, a plaintiff must show that: (1) he was within a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. <u>Id</u>. at 802; <u>see also</u> <u>Leibowitz v. Cornell Univ.</u>, 584 F.3d 487, 498 (2d Cir. 2009). To the extent Plaintiff seeks to raise an inference of discrimination by alleging that other municipal employees were treated more favorably because they were not in Plaintiff's protected group, she must allege facts that indicate she "was similarly situated in all material respects to the individuals with whom [she] seeks to compare [her]self." <u>See</u> <u>Johnson v. Andy Frain Servs., Inc.</u>, 638 F. App'x. 68, 70 (2d Cir. 2016) (quoting <u>Mandell v. Cty. of Suffolk</u>, 316 F.3d 368, 379 (2d Cir. 2003)).

In Plaintiff's proposed amended complaint, Plaintiff primarily attempts to amend her religious discrimination claim based on disparate treatment to allege new comparators. Specifically, Plaintiff alleges that "thousands of unvaccinated firefighters, police officers and other similarly situated personnel were allowed to continue to work in person unvaccinated due to

---

[1] Although Plaintiff's SHRL claims were dismissed with prejudice, Plaintiff recites the prima facie elements for a discrimination pursuant to the SHRL. <u>See</u> Am. Compl. at ¶ 64.

4

secular reasons like administrative backlog, staffing shortages, and economic carve outs, like Emergency Executive Order 62." See Am. Compl. at ¶ 40. Plaintiff further alleges that "Defendant also conditioned approvals for municipal workers - who wanted to continue working while unvaccinated- on membership in a favored religion and on blind support for an Emergency Use Authorization (EUA) vaccine that was temporary yet created permanent harm for Plaintiffs [sic]". Id. at ¶¶ 49.

   Plaintiff cannot rely on her conclusory allegation that "thousands of unvaccinated firefighters, police officers, and other similarly situated personnel were allowed to work in person unvaccinated" because Plaintiff does not allege, as she must, a single fact to plausibly suggest that any of these individuals were similarly situated in all material respects to Plaintiff and were granted an exemption or accommodation to the Vaccine Mandate. See Am. Compl. at ¶ 40; see also Ruiz v. Cty. Of Rockland, 609 F.3d 486, 494 (2d Cir. 2010); see also Marcus v. Leviton Mfg. Co., 661 F. App'x. 29, 32 (2d Cir. 2016) (Court found no minimal inference of discrimination when plaintiff failed to allege "information as to whether [the alleged comparators] were otherwise similarly situated or the specifics of their conduct," even after alleging the comparators had, like the plaintiff, used profanity in the workplace). Moreover, it is clear that a firefighter and a police officer are not similarly situated to Plaintiff at all. Plaintiff's allegation that "Defendant . . . conditioned approvals for municipal workers . . . on membership in a favored religion," is similarly vague and conclusory, as Plaintiff fails to identify that any of the alleged municipal workers in a "favored religion" were similarly situated in all material respects to Plaintiff, or even what religions were allegedly "favored" by Defendant. See Am. Compl. at ¶ 49; Marcus, 661 F. App'x. at 32.

Accordingly, Plaintiff's disparate treatment claim is futile because even under a liberal reading, Plaintiff's proposed amended complaint fails to plausibly allege a disparate treatment claim under Title VII.

## POINT III

## PLAINTIFF'S FREE EXERCISE CLAIM IS FUTILE

Plaintiff's free exercise cause of action should be dismissed as futile because the Court has already considered and rejected Plaintiff's arguments, finding that Plaintiff failed to articulate a free exercise Claim. See Tr., at 13:13-21. Furthermore, the Second Circuit has made clear that the "Vaccine Mandate, in all its iterations, [wa]s neutral and generally applicable," and did not violate the United States Constitution. See, e.g., We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 290 (2d Cir. 2021); New Yorkers for Religious Liberty, Inc. v. City of NY, 125 F.4th 319, 330 (2d Cir. 2024); Kane v. De Blasio, 19 F.4th 152, 164-167 (2d Cir. 2021).

Plaintiff's proposed amendment alleges essentially the same arguments raised in her opposition to Defendant's motion to dismiss. See ECF Doc. No. 18, at 5-13; see also Am. Compl. at ¶¶ 67, 69, 71, 73, 81, 82. Plaintiff's claim fails for the reasons outlined in Defendant's Motion to Dismiss and Reply in Further Support of Defendant's Motion to Dismiss. See ECF Doc Nos. 15, 20. Thus, because Plaintiff fails to sufficiently allege a free exercise claim, such amendment would be futile, and her free exercise claim should be dismissed with prejudice.

## POINT IV

## PLAINTIFF'S DUE PROCESS CLAIM IS FUTILE

Plaintiff further seeks to amend her due process claim to include allegations regarding the Opinion and Award issued on June 27, 2022 by Arbitrator Scheinman ("June 27 Opinion and Award"). See Am. Compl. at ¶¶ 30-31, 57. However, a plain reading of the June 27

Opinion and Award shows that Plaintiff quotes language from the Award and takes that language entirely out of context. And in doing so, Plaintiff incorrectly argues that her due process rights were violated.

Specifically, the June 27 Opinion and Award involves 82 DOE employees who were provided with notice that they would be placed on leave without pay, with benefits, based on information that DOE had received from an independent law enforcement agency that the documents those 82 employees submitted as proof of COVID-19 vaccination were fraudulent. The June 27 Opinion and Award opined that the DOE's decision to place these 82 employees on LWOP was "inconsistent" with the September 10, 2021 Arbitration Agreement, and that these 82 employees were entitled to the due process provided for by the September 10, 2021 Arbitration Agreement, which set forth the process by which DOE reviewed requests for exemptions to the Vaccine Mandate.

Therefore, the June 27 Opinion and Award has absolutely no bearing on Plaintiff's due process claims because it is not applicable to her. This is supported by Broecker, in which the Court held that "[t]o the extent the Plaintiffs try to assert the June [27] Arbitration Opinion and Award . . . [is] 'intervening law' . . . the Court bases its procedural due process finding on constitutional standards, not state or municipal standards. Furthermore, given that the June [27] Arbitration Opinion and Award does not apply in any way to the Plaintiffs in this case, the Court finds it unpersuasive." See Broecker v. NY City Dept. of Educ., No. 21-CV-6387, 2023 U.S. Dist. LEXIS 55541, at *28, n. 14 (E.D.N.Y. Mar. 30, 2023). Therefore, Plaintiff fails to plausibly allege any new facts that Defendant failed to provide her with proper due process and as such amendment would be futile.

7

## POINT V

## PLAINTIFF'S MONELL CLAIM IS FUTILE

For the reasons set forth above, Plaintiff's Monell claim must also be dismissed. To maintain a § 1983 action against a municipality or an individual sued in his official capacity, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." See Bermudez v. City of New York, 783 F. Supp. 2d 560, 575 (S.D.N.Y. Mar. 25, 2011). To state a claim for municipal liability pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978), a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional rights." See Simms v. City of New York, 480 F. App'x 627, 629 (2d Cir. 2012) (citation and internal quotation marks omitted).

In this case, for the reasons articulated above and in Point III and IV, Plaintiffs have failed to show that their First, Fifth, or Fourteenth Amendment rights were violated and, therefore, any derivative Monell claim should be dismissed.[2] See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (if plaintiff cannot show that her constitutional rights were violated by a City actor, then there cannot be Monell liability); Martinez v. City of New York, No. 06 CV 5671 (WHP), 2008 U.S. Dist. LEXIS 49023, at *12 (S.D.N.Y. June 27, 2008) ("[a] municipality cannot be liable for acts by its employees which are not constitutional violations."), aff'd sub nom, Martinez v. Muentes, 340 F. App'x 700 (2d Cir. 2009). To the extent Plaintiff alleges her constitutional rights were violated because the "agenda of the Defendants was to allow City agencies to cull the municipal workforce according to a business model created by Jack Welch." That allegation must be rejected because it is wholly conclusory and patently absurd. Indeed, Plaintiff fails to allege even a single fact in support of this claim. See generally Am. Compl.

---

[2] Plaintiff does not allege any new facts with respect to her Fifth Amendment Claim. See Am. Compl.

Accordingly, Plaintiff fails to allege a plausible Monell claim, and amendment to add such a claim would be futile.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff leave to amend the Complaint as futile, along with any such other and further relief that the Court deems just and proper.

Dated:      New York, New York
            May 13, 2025

                    **MURIEL GOODE-TRUFANT**
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants
                    100 Church Street, Room 2-197
                    New York, New York 10007
                    (212) 356-2444


            By:     *Shivani R. Damera*
                    Shivani R. Damera
                    Assistant Corporation Counsel