# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF NEW YORK

 3    BARBARA HILL,                  .    Docket No.
                                     .    1:24-CV-03506-RPK-LB
 4         Plaintiff,                .
                                     .
 5           v.                      .    Brooklyn, New York
                                     .    Thursday, March 20, 2025
 6    THE DEPARTMENT OF              .
      EDUCATION OF THE CITY OF       .
 7    NEW YORK,                      .
                                     .
 8         Defendant.               .
       . . . . . . . . . . . . .
 9

10

                      TRANSCRIPT OF TELEPHONIC CONFERFENCE
11               BEFORE THE HONORABLE RACHEL P. KOVNER
                      UNITED STATES DISTRICT JUDGE
12
      APPEARANCES:
13
      For the Plaintiff:          BARBARA HILL, PRO SE
14                                1423 East 104th Street
                                  Brooklyn, New York  11236
15
      For the Defendant:          New York City Law Department
16                                KATHLEEN LINNANE, ESQ.
                                  SHIVANI REDDY DAMERA, ESQ.
17                                100 Church Street
                                  Suite 2-196
18                                New York, New York  10007
                                  212-356-2467
19


20
      Transcription Service:      Superior Reporting Services LLC
21                                P.O. Box 5032
                                  Maryville, TN 37802
22                                865-344-3150

23
      Proceedings recorded by electronic sound recording;
24    transcript produced by transcription service.

25
```

1                      P R O C E E D I N G S

2            THE COURT:  Good morning.  This case is Hill versus

3    Department of Education of New York City, 24-civil-3506.  Do

4    we have the plaintiff on the line?

5            MS. HILL:  Yes, I'm on the line.

6            THE COURT:  Okay.  Great.  And do we have counsel

7    for the defendant on the line?

8            MS. LINNANE:  Yes.

9            MS. DAMERA:  Yes.

10           THE COURT:  Okay.  And who is representing the

11   defendant today?

12           MS. LINNANE:  Kathleen Linnane for the

13   City -- corporation counsel for the City.

14           THE COURT:  Great.  Okay.

15           MS. DAMERA:  And Shivani -- I'm sorry, I'm also

16   here.  And Shivani Damera representing defense in this

17   matter.

18           THE COURT:  Great.  Okay.  So as you all know,

19   Plaintiff has filed a complaint in this case raising a number

20   of claims.  Defendant has filed a motion to dismiss those

21   claims.  We're here for a ruling on that motion.  And for the

22   reasons that I'll explain, Defendant's motion to dismiss is

23   granted in part and denied in part.

24           In particular, Defendant's motion is denied with

25   respect to Plaintiff's failure-to-accommodate claim under

1    Title VII.  It's granted as to Plaintiff's remaining claims.

2            So to explain this ruling, let me just back up and

3    give a little bit of background.  I know you all are familiar

4    with the allegations and the complaints, and for purposes of

5    a motion to dismiss, the factual allegations in the complaint

6    are assumed to be true.

7            Plaintiff was employed by the defendant, the

8    Department of Education of the City of New York, as a

9    physical therapist.  In September of 2021, Plaintiff learned

10   that under an arbitration between the union, the United

11   Federation of Teachers, and Defendant, any employee of

12   Defendant who did not submit to a -- submit a COVID

13   vaccination card to the Department of Education by October

14   4th, 2021, would be placed on unpaid leave unless an

15   accommodation was granted.

16           On September 20th of 2021, Plaintiff applied for a

17   religious accommodation stating that she would not be able to

18   get vaccinated due to her religious beliefs, which she

19   alleges are sincere and deeply held.  Two days later,

20   Plaintiff received a denial letter stating that, quote, "No

21   remote site as an accommodation could be offered" because

22   this would be an undue hardship for Defendant.  Plaintiff

23   claims that no details about how or why the remote site would

24   cause an undue hardship were given and that many other

25   employees were granted their requested exemptions with

1  medical and religious and reassigned to remote locations.

2       Plaintiff appealed the denial of her accommodation

3  request to an arbitrator, but no accommodation was granted.

4       In October of 2021, Plaintiff was placed on unpaid

5  leave.  Plaintiff alleges that Defendant also placed what's

6  described as a problem code on her personnel file and that

7  this prevented her from working for any vendor connected with

8  Defendant.

9       In November of 2021, a citywide panel was created

10  to reconsider religious accommodation requests.  Plaintiff

11  again appealed the denial of her accommodation request, but

12  her appeal was denied in February 2022.

13       Plaintiff alleges that Defendant made no attempt to

14  give her a remote location or telehealth possibilities even

15  though physical therapists have been officially recognized as

16  capable of effective treatment by working remotely and

17  virtually.  And allegedly, all of the agencies Plaintiff

18  works for except for Defendant gave her an accommodation in

19  the form of her remote work.

20       Plaintiff also alleges in her opposition brief that

21  in denying her accommodation request, Defendant failed to

22  acknowledge their well-known accommodations, which include

23  reassigning unvaccinated employees to rooms set aside for

24  such employees or to their homes for remote work.  This is in

25  the opposition at 15.

1          The notification denying Plaintiff's accommodation

2   request, which is attached to Plaintiff's opposition brief,

3   states that Plaintiff, quote, "failed to establish a

4   sincerely held religious belief that precludes vaccination."

5   Unquote.  Then it states that Defendant, quote, "has

6   demonstrated that it would be an undue hardship to grant

7   accommodations to," close quote, Plaintiff given the need for

8   a safe environment for in-person learning.  Defendant

9   terminated Plaintiff's employment in February or March of

10  2022.

11          Plaintiff states in her complaint that she filed a

12  notice of claim.  That notice of claim, which is submitted by

13  Defendant, is dated May 9th of 2023.  Plaintiff was rehired

14  by Defendant in February 2024 at a lower salary because she

15  was designated a new hire.

16          Plaintiff filed this lawsuit in May of 2024.

17  Liberally construed, her complaint raises the following

18  claims:  First, disparate treatment based on religion in

19  violation of Title IX of the Civil Rights Act of 1964 -- I'm

20  sorry, Title VII of the Civil Rights Act of 1964, the New

21  York State Human Rights Law, and the New York City Human

22  Rights Law.

23          Second, failure to accommodate religion in

24  violation of the same laws.

25          Third, retaliation in violation of those laws as

1  well as the Rehabilitation Act and 42 U.S.C. 1983.

2         Fourth, a violation of Plaintiff's First Amendment

3  right to free exercise of religion under section 1983.

4         Fifth, a violation of Plaintiff's Fourteenth

5  Amendment right to procedural due process under section 1983,

6  including though a stigma-plus violation.

7         And sixth, fraud based on the arbitration award

8  between Defendant and the union, UFT.

9         Plaintiff seeks damages on her claims.

10         Defendant has moved to dismiss under Federal Rule

11  of Civil Procedure 12(b)(6).  Defendant argues that

12  Plaintiff's failure to file a timely notice of claim bars

13  certain claims and that her remaining claims are not

14  adequately pleaded.

15         So since we're proceeding under Rule 12(b)(6), let

16  me just briefly explain the requirements of that rule.  That

17  rule directs a Court to dismiss a complaint if it fails to

18  stay a claim on which relief can be granted.  To survive a

19  motion to dismiss a claim under this rule, the complaint has

20  to state a claim to relief that's plausible on its face.  The

21  Court accepts all the facts alleged in the complaint as true

22  but is not obliged to accept mere conclusory statements.

23         At the motion to dismiss stage, the Court can

24  consider only the complaint itself, documents either attached

25  to the complaint or incorporated in it by reference, and

1    documents the Plaintiff relied on and knew of when bringing

2    suit, as well as matters in the public record that are

3    subject to judicial notice.

4         When a plaintiff is pro se, a Court can also

5    consider factual allegations made in the pro se Plaintiff's

6    opposition to a motion to dismiss.  And as you all know, the

7    pleadings for a pro se Plaintiff are liberally construed and

8    held to a less stringent standard than the formal pleadings

9    drafted by lawyers.

10        Okay.  So as I mentioned applying these standards,

11   Defendant's motion to dismiss is denied as to the failure to

12   accommodate the claim under Title VII but granted as to

13   Plaintiff's remaining claims.  I'll just walk through each of

14   those claims one by one.

15        So first, Plaintiff's claims under the New York

16   State Human Rights Law, New York City Human Rights Law, and

17   Plaintiff's fraud claim are all barred for lack of timely

18   notice of claim.  To bring those claims, Plaintiff had to

19   serve Defendant with a notice of claim within three months of

20   the accrual of her New York State Human Rights Law and New

21   York City Human Rights Law and within 90 days of the accrual

22   of her fraud claim.  And the statutory provisions at issue

23   there are New York Education Law 3813(1) and 3813(2).

24        Here, because Plaintiff was terminated in March

25   2022 at the latest, her notice of claim was due before July

1   2022.  Plaintiff's notice of claim was filed in May 2023, and

2   it was therefore untimely.  Because there was no dispute that

3   Plaintiff did not file a timely notice of claim, her New York

4   State Human Rights Law, New York City Human Rights Law, and

5   fraud claims against the defendant fails the matter of law.

6   So those claims are therefore dismissed.

7            Plaintiff has adequately alleged a

8   failure-to-accommodate claim under Title VII.  Under Title

9   VII when an employee has a genuine religious practice that

10  conflicts with a requirement of employment, the employer

11  typically must offer the employee a reasonable accommodation

12  unless doing so would cause the employer to suffer an undue

13  hardship.

14           To survive a motion to dismiss with respect to a

15  Title VII claim of this type, a Plaintiff has to plausibly

16  allege that the plaintiff held the bona fide religious belief

17  conflicting with an employment requirement, that the

18  plaintiff informed her employer of this belief, and that she

19  was disciplined for failing to comply with this conflicting

20  employment requirement.  If the plaintiff does make those

21  plausible allegations, then the burden shifts to the

22  defendant to demonstrate an undue hardship.  Because undue

23  hardship is an affirmative defense, it may be raised on a

24  pre-answer motion to dismiss only if the facts establishing

25  it are clear from the face of the complaint.  The undue

1    hardship inquiry is fact specific, and it requires showing a

2    burden that's substantial in the overall context of an

3    employer's business.

4            Here, Defendant does not, for the purposes of its

5    motion to dismiss, dispute that Plaintiff has plausibly

6    alleged the three prerequisites for failure-to-accommodate

7    claim.  This is in Defendant's memorandum in support of its

8    motion at 13 to 14.

9            As a result to be entitled to dismissal, Defendant

10   would have to establish an undue hardship defense on the face

11   of Plaintiff's pleadings.  Defendant has not done so.

12   Defendant asserts various facts in support of its claim for

13   undue hardship.  But only one of those appears on the face of

14   Plaintiff's submission, which is a claim made in a denial

15   letter that it would be an undue hardship to grant

16   accommodation to Plaintiff given the need for a safe

17   environment for in-person learning.  This is in the

18   opposition at 74.  But liberally construed, the complaint

19   alleges that the finding of undue hardship was erroneous or

20   pretextual.

21           The complaint's factual allegations plausibly

22   suggest that Plaintiff requested a remote work accommodation,

23   and that such accommodation would not have imposed an undue

24   hardship on Defendant.  Specifically, the complaint alleges

25   the Defendant granted such accommodations for other employees

1  and that Plaintiff's work as a physical therapist could be

2  adequately conducted remotely.

3         Given those allegations and the fact specific

4  nature of the undue hardship inquiry, Defendant's asserted

5  need for a safe in-person learning environment is

6  insufficient at this stage to establish undue hardship as a

7  matter of law.

8         Defendant is mistaken in arguing that because the

9  vaccine mandate was a lawful employment condition, Plaintiff

10 was not disciplined for her noncompliance.  The cases that

11 Defendant cites for the proposition that placement on unpaid

12 leave and termination for failure to comply with the vaccine

13 mandate do not constitute discipline made that conclusion

14 only in determining whether the Constitution required

15 additional process for those determinations.  Those cases do

16 not support the Defendant's distinct claim here or otherwise

17 explain how the lawfulness of an employment condition

18 precludes it from qualifying as a conflicting employment

19 requirement for the purposes of failure-to-accommodate claim

20 for which the failure to accommodate a sincerely held

21 religious belief can sustain a Title VII claim.  So for that

22 reason, Defendant's motion is denied as to Plaintiff's

23 failure-to-accommodate claim under Title VII.  And that claim

24 may proceed.

25         Plaintiff's remaining claims are not adequately

```
 1   pleaded and are therefore dismissed without prejudice.  I'll

 2   just take them one by one.

 3           Plaintiff fails to adequately allege disparate

 4   treatment until Title VII.  To defeat a motion to dismiss in

 5   a disparate treatment context, the Plaintiff has to plausibly

 6   allege that the employer took adverse action against her,

 7   that her race, color, religion, sex, or national origin was a

 8   motivating factor for the employment -- and that her -- I'm

 9   sorry, and that her race, color, religion, sex, or national

10   origin was a motivating factor in the employment decision.

11   The Plaintiff must allege facts that show directly

12   discrimination or facts that indirectly show discrimination

13   by giving rise to a plausible inference of discrimination.

14           Plaintiff fails to adequately allege a disparity

15   between those in her protected religion -- her protected

16   class, which is a religion based one, and any similar

17   situated comparative group that would support plausible

18   inference of discrimination.  Plaintiff's general allegation

19   that similarly situated employees were granted accommodations

20   is insufficient because it's too generic.

21           And to the contrary, Plaintiff's complaint states

22   that Defendant granted both medical and religious requests by

23   other employees for remote work accommodations.  And she

24   doesn't allege that she was affected differently by the

25   mandate than members of other religious groups.  So
```

1  accordingly, Plaintiff's disparate-treatment claim is

2  dismissed based on the allegations in this complaint.  And

3  for a similar case, we can look at Rizzo versus New York City

4  Department of Sanitation, 23-cv-7190, 2024, Westlaw 3274455

5  at page star 3, an SDNY case from July 2nd of 2024.

6        Plaintiff has also not adequately alleged

7  retaliation in her complaint.  To state retaliation, a

8  retaliation claim under Title VII or the Rehabilitation Act,

9  a Plaintiff has to plausibly allege, first, participation in

10 a participant protected activity, second, that the defendant

11 knew of the protected activity, third, an adverse employment

12 action, and fourth, a causal connection between the protected

13 activity and an adverse employment action.  To state a First

14 Amendment retaliation claim, a Plaintiff must plausibly

15 allege that her speech or conduct was protected by the First

16 Amendment and that the defendant took an adverse action

17 against her and that there was a causal connection between

18 the adverse action and the plaintiff's protected speech.

19       Here, Plaintiff has not alleged a plausible causal

20 connection between her alleged protected activity or

21 protected speech and Defendant's adverse actions against

22 Plaintiff.  While Plaintiff claims that she engaged in

23 protected activity and speech through her refusal to get

24 vaccinated and her request for a religious accommodation,

25 there's nothing in the complaint that plausibly suggests that

1    the conduct by Defendant that she complains of were based on

2    that speech or plausibly connected to that speech.  Those

3    acts were pursuant to a general vaccine mandate that

4    Defendant announced before Plaintiff engaged in the protected

5    conduct.

6          Pursuant similar cases reaching a similar

7    conclusion on this set of facts, look at Adams versus New

8    York State Unified Court System, 22-CV-9739, 2023, Westlaw

9    5003593 at page star 4, SDNY, August 4th, 2023, which

10   collects a number of cases reaching the same conclusion on

11   similar facts.  So for that reason, Plaintiff's retaliation

12   claims are dismissed.

13         Plaintiff has also failed to allege that Defendant

14   violated her First Amendment right to the free exercise of

15   religion.  The free-exercise clause protects an individual's

16   private right to a religious belief as well as the

17   performance of or extension for physical acts that constitute

18   the free exercise of religion.  This protection, however,

19   does not relieve an individual of the obligation to comply

20   with a valid and neutral law of general applicability as well

21   as they're subject only to rational basis review.

22         Applying that framework, the Second Circuit has at

23   least twice rejected First Amendment challenges to COVID

24   vaccine mandates, including the mandated issue here because

25   those mandates applied to all of an agencies employees and

1    provided for medical and religious accommodations.  And here,

2    I'm quoting the Rizzo case that I cited earlier which is at

3    2024, Westlaw 3274455 at page star 5.  And that case is

4    quoting a Second Circuit authority, which is Kane versus De

5    Blasio, 19 F.4th 152, 176 to 177, Second Circuit, 2021.  Kane

6    controls Plaintiff's claim here.  She fails to plausibly

7    allege that the accommodation process was not neutral or

8    generally applicable or lacked directional basis.

9    Accordingly, the free-exercise claim is dismissed.

10           Turning to the last claim, Plaintiff has not

11   adequately alleged the defendant violated her Fourteenth

12   Amendment right to procedural due process.  To state such a

13   claim, the plaintiff has to establish that she possessed a

14   protected property interest and faced a deprivation of that

15   interest without constitutionally adequate process.  In the

16   Second Circuit, courts analyze pre- and post-deprivation

17   procedures separately.  Here, Plaintiff alleges

18   pre-deprivations:  Her placement on unpaid leave, the stigma

19   of Defendant placing a problem code on her personnel file,

20   and her eventual termination.  To the extent that Plaintiff

21   challenges the pre-deprivation processes afforded to her, the

22   Constitution generally mandates that only -- mandates only

23   that such process include notice and the opportunity to

24   respond.

25           Plaintiff fails to plausibly allege that she lacked

15

1    adequate notice of the vaccine mandate or the process of

2    seeking relief from it. To the contrary, the complaint

3    acknowledges that she received notice of the mandate,

4    requested an accommodation, and twice appealed the denial of

5    her accommodation request.

6            District Courts in the Circuit have repeatedly

7    found that the same procedures are constitutionally adequate.

8    And for a couple examples, you could look at Peralta versus

9    New York City Department of Education, which is 21-CV-6833,

10   2023, Westlaw 6201507 at star 3, EDNY, September 22nd, 2023,

11   or Broecker, B-R-O-E-C-K-E-R, versus New York City Department

12   of Education, 573 F. Supp. 3rd 878, 887 to 888, EDNY, 2021.

13           As for Plaintiff's post-deprivation process, the

14   Second Circuit has on numerous occasions held the proceedings

15   in New York State Court under article 78 of New York Civil

16   Practice Law generally provide a perfectly adequate

17   post-deprivation remedy.  Here I'm quoting Peralta on the

18   case I just mentioned, 2023, Westlaw 6201507 at page star 4,

19   which is citing a Second Circuit case.  Plaintiff doesn't

20   offer any persuasive reason why her case warrants a different

21   conclusion.

22           Finally, to the extent that Plaintiff asserts a

23   stigma-plus claim stemming from the problem code that was

24   placed on her personnel file, that claim fails for

25   essentially the same reasons discussed just now.  In essence,

1    Plaintiff is alleging that in addition to placing her on

2    unpaid leave as a result of her status as an unvaccinated

3    person, the Department subjected her to a stigmatizing label.

4    A stigma-plus claim in not different in kind than other

5    procedural due process claims.  Here I'm quoting Alterescu,

6    A-L-T-E-R-E-S-C-U, versus New York City Department of

7    Education, 21-CV-925, 2022, Westlaw 3646050 at page star 9,

8    an SDNY case from August 23rd, 2022.

9         As with other procedural due process claims, the

10   plaintiff has to demonstrate that the action she challenges

11   was without due process of the law.  Here, I'm citing Segal,

12   S-E-G-A-L, versus City of New York, 459, F.3rd 207, 213, at

13   Second Circuit, 2006.  Here, as I've explained, Defendant

14   provided adequate pre-deprivation and post-deprivation

15   remedies with respect to the suspension of Plaintiff for the

16   placement on unpaid leave for the failure to become

17   vaccinated against COVID-19.

18        Because Defendants did provide process, Plaintiff's

19   procedural due process challenge failed whether it's framed

20   as a challenge to the placement on unpaid leave or as a

21   challenge to the problem code that allegedly was placed on

22   her personnel file in conjunction with that decision.  And

23   for a case reaching a similar decision, you could look at the

24   Alterescu case I cited a moment ago, 2022, Westlaw 3646050 at

25   star 10, which collects a number of similar cases.

1    Okay.  So for the reasons I've just explained,

2 Defendant's motion to dismiss is granted in part and denied

3 in part.

4    The New York State Human Rights Law, New York City

5 Human Rights Law, and fraud claims are dismissed with

6 prejudice because the notice of claim or the absence of a

7 timely notice of claim is failed to those claims.  And

8 there's no ability to replead additional facts that would

9 surmount that difficulty.

10    Plaintiff's disparate-treatment, retaliation,

11 free-exercise, and procedural due process claims are

12 dismissed without prejudice.

13    Defendant's motion to dismiss is denied as to

14 Plaintiff's failure-to-accommodate claim under Title VII.

15    If Plaintiff wants to amend her complaint in

16 response to this decision to allege additional facts

17 pertaining to the claims that have been dismissed without

18 prejudice, she can do so.  She should file a motion to

19 dismiss within 30 days of the issuance of today's decision

20 which she seeks to amend and includes a proposed amended

21 complaint as an exhibit.  She should include a letter or a

22 motion along with that proposed amended complaint that

23 explains why the amended complaint solves the pleading

24 deficiencies I discussed today.  Any amended complaint will

25 replace Plaintiff's original complaint.

 1          I'll stay all further proceedings in this case for

 2  30 days to give the Plaintiff an opportunity to decide

 3  whether she wants to file a motion to amend.  If Plaintiff

 4  does not file on the motion to amend within 30 days, then the

 5  case will continue to move forward on Plaintiff's

 6  failure-to-accommodate claim, which as I've explained is not

 7  being dismissed.

 8          I'll enter a docket entry today that reflects the

 9  disposition of these claims.  I'm not going to issue a

10  written opinion in this case because I've explained the

11  disposition of these claims in this oral ruling.

12          Is there anything anybody wants to take up today

13  before we end the conference?

14          MS. LINNANE:  No thank you, Your Honor.

15          THE COURT:  Okay.

16          MS. HILL:  Will the recording be available to me?

17          THE COURT:  Yes.  To be honest, I'm not expert on

18  this issue.  There is a recording that's made of the

19  conference, and there is an ability to generate a transcript

20  of that conference.

21          Can I ask Counsel for Defendant:  Are you familiar

22  with that process with how a litigant would go about

23  obtaining that?

24          MS. LINNANE:  I'm not, Your Honor.  But my office

25  is for sure.  And the City will -- is glad to order the

1  transcripts.  I don't know how long that takes, though.  I'm

2  glad to order the transcript and provide it upon receipt.

3  But I just don't know if that, you know, if that takes a long

4  time, if that would be prejudicial in any way.

5          THE COURT:  Sure.  Well, that would be helpful.  I

6  appreciate the City's doing that.  The City's ordering the

7  transcript.

8          In the event that it's going to take longer than

9  you're comfortable with, Plaintiff, in terms of that you're

10  going to need more time to decide whether to file an amended

11  complaint, just put in a letter and let me know.  My guess

12  would be that you'll get the transcript in reasonably short

13  order.  But if it turns out you need more time to make that

14  decision on it, just put in a letter, and I'd be happy to

15  give you more time.

16          MS. HILL:  All right.  Thank you.

17          THE COURT:  Okay.  All right.  Thank you all for

18  joining the conference today.

19          MS. LINNANE:  Thank you.

20          MS. DAMERA:  Thank you, Your Honor.

21      (Proceedings adjourned.)

22

23

24

25

1                   TRANSCRIBER'S CERTIFICATE

2              I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter.

5

6                                      March 27, 2025

7

8    _____    _____

9    Jackey Boelkow                      DATE

10   Legal Transcriber

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Superior Reporting Services LLC
P.O. Box 5032 Maryville, TN 37802
transcripts@superiorreporter.com