UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

**BARBARA HILL,**

                              Plaintiff

                              **Docket No: 24-CV-3506 (RPK)(LB)**

-against-


**THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,**

                              Defendant

_____x


# PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HER COMPLAINT



Barbara Hill
1423 East 104th Street
Brooklyn, N.Y. 11236
b.cazeau@gmail.com



1

**PRELIMINARY STATEMENT**

Plaintiff Pro Se BARBARA HILL ("Plaintiff") submits herein her Reply to Defendant's Opposition To Plaintiff's Motion To Amend Her Complaint, ("AC").

Defendant has submitted no legally recognizable reasons to dismiss her AC and Plaintiff requests that Defendant's Opposition be denied in full and her case can now proceed on not only the failure to accommodate, which has already been settled and which the Defendant did not oppose, but also on the claims she made concerning the religious discrimination and unlawful denial of a due process 3020-a hearing.

Plaintiff has successfully pled all of the above in her AC, and has backed up her claims with **EXHIBITS A-H.** Plaintiff requests that each and every argument, cause of action, background facts and Exhibits in her Amended Complaint be incorporated in full into the arguments made here by reference.

**BACKGROUND INFORMATION**

On May 14, 2024 Plaintiff filed her Complaint in this Court. Her Complaint had three Causes of Action: First, Religious Discrimination; Second, Failure to Reasonably Accommodate her Sincerely Held Religious Beliefs; and Third, that her termination violated Section 504 of the Rehabilitation Act.

After an exchange of Motion Papers and Opposition by the Plaintiff, Judge Kovner held a status conference on March 20, 2025 and Ordered that Defendant's Motion To Dismiss was DENIED as to the Second Cause of Action, namely failure to accommodate Plaintiff's religious beliefs; Judge Kovner GRANTED Defendant's Motion To Dismiss on the first cause of action, religious discrimination, and third causes of action, violation of Section 504 of the Rehabilitation Act.

2

On April 2, 2025 Plaintiff requested an extension of time to Amend her Complaint, and Judge Kovner granted her request, to file a motion to Amend and proposed Amended Complaint on or before April 30, 2025. The Defendant was given the date of April 30, 2025.

On April 29, 2025 Plaintiff filed her letter motion to amend her complaint and a proposed Amended Complaint. In her proposed Amended Complaint, Plaintiff included three causes of action: First, Religious Discrimination, using new information not in the original Complaint; Second, failure to accommodate her sincere religious beliefs, already granted by Judge Kovner; and Third, pleading a Monell Claim pursuant to Section 1983 for Defendant's pattern and practice of deliberate indifference to violations of Constitutional Rights.

On May 13, 2025 Defendant Opposed the Amended Complaint,

On June 2, 2025 Plaintiff submitted herein her Reply to the Defendant's Opposition in a timely fashion as ordered by Judge Kovner.

**ARGUMENT**

In the Order dated March 20, 2025 Judge Kovner denied Defendant's Motion To Dismiss as to a Failure To Accommodate that cause of action. Defendant did not oppose the win by Plaintiff on this cause of action, and therefore Plaintiff expects that this Court allow her to proceed on this claim to discovery. Plaintiff will not re-argue here the points she made in her Failure to Accommodate argument in her Amended Complaint, pp. 19-20 and, additionally, the Defendant did not Oppose the Judge's Order granting that cause of action.

Plaintiff does oppose the Judge's ruling that:

3

"Defendant provided adequate pre-deprivation and post-deprivation remedies with respect to the suspension of Plaintiff for the placement on unpaid leave for the failure to become vaccinated against COVID-19." See Transcript of March 20, 2025, Docket #24, p. 16:

This statement is false on the law.

Defendant failed to give Notice to Plaintiff's at any time that by submitting her sincerely held religious beliefs to the Department's computer system and to the Citywide Panel would result in her personnel file and fingerprints being flagged with a Problem Code which blocked her from employment and labelled her guilty of misconduct. By placing Plaintiff's fingerprints into a "problem code" or no-hire database, LWOP became a disciplinary action, with a charge of misconduct/insubordination due to Plaintiff holding onto her religious beliefs and refusing the vaccine. These actions by Defendants may clearly be defined as disciplinary retaliation, motivated by an intent to harm.

Defendant started with suspension without pay, then secretly charged Plaintiff with misconduct/insubordination, falsely informed her that they had changed the terms of her employment when no change took place, flagged her files with a "Problem Code" without her knowledge or consent, and never gave her a hearing where she could clarify and particularize her reasons for not getting the COVID vaccination. The U.S. Supreme Court has ruled that this is retaliatory discrimination: Burlington Northern and Santa Fe Railway Company, 548 US 53 (2006) ("that White suffered retaliatory discrimination when she was reassigned to less desirable duties and suspended without pay").

Defendant *never* told her about this flag. She heard about it from Advocatz writer Betsy Combier in November 2022, and from John Bursch, who argued the Problem Code at the Court of

4

Appeals on February 8, 2023, and he had the Declaration of Betsy Combier and the email from Eric Amato as proof. **EXHIBIT D**, AC.

Also, Defendant has never told her what the remedy was or how to get off of the code. The Code became the charge for misconduct Plaintiff was given for requesting a religious accommodation. See RODI Testimony. **EXHIBIT I**.

Katherine Rodi, the Director of Employee Relations at the NYC DOE, is also in charge of placing Problem Codes on employees' personnel files after they have received a Letter to File or Complaint. Here, Rodi did not follow her own procedure, since Plaintiff never received a Letter To File for not getting vaccinated. See PERB U-32479, **EXHIBIT J.**

Additionally, the process and Notice known a LWOP and the Scheinman Appeals Panel were thrown out as "Constitutionally infirm" in November 2021. **EXHIBIT F,** Court Order, AC. After the Scheinman process was discarded, the Court of Appeals in the same case, Kane-Keil, asked the City to decide religious accommodation Appeals pursuant to Title VII. Defendant set up the Citywide Panel. Defendant lied to the Court when they agreed to hear the Appeals while honoring Human Rights Law and Title VII as can be seen in the decisions that were made and how they subjected the approvals to an "undue burden" standard that was discarded by the Supreme Court in 2023: Groff v Dejoy,  U.S. Supreme Court Docket 22-174, June 29, 2023 :

> "The Court holds that showing "more than a de minimis cost," as that phrase is used in common parlance, does not suffice to establish "undue hardship" under Title VII. ….. What is most important is that "undue hardship" in Title VII means what it says, and courts should resolve whether a hardship would be substantial in the context of an employer's business in the commonsense manner that it would use in applying any such test….. Further, a hardship that is attributable to employee animosity to a particular religion, to religion in general, or to the very notion of accommodating religious practice, cannot be considered "undue."  Bias or hostility to a religious practice or accommodation cannot supply a defense."

In Groff v. DeJoy, the U.S. Supreme Court clarified the standard for "undue hardship" under Title VII of the Civil Rights Act of 1964. The court ruled that employers must provide religious

5

accommodations unless doing so would impose a substantial burden on their business operations, rather than just a de minimis (minor) burden.**.**

As Plaintiff's only options to establish her Constitutional rights under the 14th Amendment due process pursuant to Section 1983 was to submit to the Scheinman panel (discarded as unlawful and Constitutionally unsound in November 2021) or the Citywide Panel, which never really reviewed any religious Appeal and if they did, they still did not permit anyone to stay on salary due to an undue burden that was never explained. See the Decisions of the Citywide Panel,

**EXHIBIT K**

In Kane v. De Blasio, 19 F.4th 152 (2d Cir. 2021), the Second Circuit held the "de minimis" standards policies were not neutral or generally applicable and ordered the City to provide fresh review by a "Citywide Panel" for de novo review under Title VII. The Citywide Panel reversed only one denial (William Castro) out of 500, using vague "Does Not Meet Criteria" or "undue hardship" rationales without explanation. Defendant offered reinstatement only if Plaintiffs vaccinated, despite admitting accommodations posed no hardship, and attached "problem codes" hindering reemployment.

Plaintiff is a permanent public employee and is covered by Civil Service Law §75(b): New York Consolidated Laws, Civil Service Law - CVS § 75-b. <u>Retaliatory action by public employers</u>.

According to Civil Service Law §75-(b)

" 2. (a) A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information: (i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action. "Improper governmental action" shall mean any action by a public employer or employee, or an agent of such employer or employee, which is undertaken in the performance of such agent's official duties, whether or not such action is within the scope of his employment, and which is in violation of any federal, state or local law,

6

rule or regulation."

Also, RF was given approval for his religious accommodation request, and he became the administrator for the reassignment building where unvaccinated employees of the Defendant sat while the CVM was in effect. He was interviewed as to his duties, and he said that he check teachers in and out every day. See his Religious Appeal **EXHIBIT L**.

This is the promise Plaintiff relied on, namely that her employer, Defendant, would not take any disciplinary action against her because she spoke out against the validity and Constitutionality of the COVID Vaccine Mandate in denying her religious accommodation request and terminating her without any due process hearing. Defendant ignored her Appeals and denied her any pre-deprivation or post-deprivation due process. Then, they charged Plaintiff with misconduct and Coded her fingerprints.

 The Complaint sets forth a prima facie case of discrimination because the allegations viewed in a light most favorable to the Plaintiff shows that Plaintiff was terminated because of her sincere religious beliefs. Lowman v. NVI LLC, 821 Fed. Appx. 29, 31 (2d Cir. 2020); see also Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016) (SHRL). Specifically, Plaintiff has stated that Defendant's discriminatory imposition of the COVID Vaccine Mandate on employees and, at the same time, placing her fingerprints into the "Problem Code" , has permanently scarred her career, and life. As long as Plaintiff is on the Problem Code database, she is  guilty of "misconduct" and is blocked not only from being rehired at the Defendant DOE, but also barred from working for most schools and agencies in the private sector in New York City.

Defendants have failed to prove that their COVID Vaccine Mandate (CVM) and Plaintiff's termination were lawfully executed under prevailing policy and the Constitution. Also, the

Vaccine Mandate was never neutral or generally applicable. **EXHIBIT B, DOH Order,** in the Amended Complaint shows many exceptions to the rule and the Order – see clauses 5 and 6. The argument Defendant made on p. 7 of their Opposition to Plaintiff's Motion to Amend the Complaint, that the June 27, 2022 Scheinman Award had "nothing to do with" her, is completely outrageous. Mr. Scheinman wrote that Award as an apology to all the educators who were removed suddenly from salary and then terminated by his Panel, after he and his procedures were found to be unconstitutational. (EX.F). Here, a protected right was discarded, and a hearing never took place that fairly reviewed Plaintiff's religious Appeal. Instead, the DOE employed discriminatory policies rather than good faith review to restrict accommodations. Additionally, NYC DOE delivery people, school bus drivers, as well as food servers were exempt from Defendant's COVID mandate. None of these people were included in the order to get vaccinated or get fired.

This neglect of a proper hearing due Plaintiff is what the June 27 Award refers to, and Plaintiff, as a Civil Servant protected by CSL 75(b), charged with the "crime" of asking for an accommodation for her religious beliefs, should have been heard at a hearing. She was never heard by anyone. Yet she was charged with misconduct.

From 2019 through to today, the City has continued a pattern and practice of deceit in terminating protected, unvaccinated DOE employees while touting the "danger" of these unvaccinated people in school buildings. Yet Wolf Blitzer interviewed CDC Director Rochelle Walensky on CNN, and Walensky acknowledged on national television that the vaccines could not stop transmission of COVID.
https://www.cnn.com/2021/08/05/health/us-coronavirus-thursday/index.html.

Not only did the DOE lie about an undue burden, but they did not obey their own rules and procedures, to the detriment of Plaintiff. Thus Plaintiff argues a Monell Claim. Explosive

8

information was recently released by Lawyer Austin Graff who did depositions of Katherine Rodi and Eric Eichenholtz, the creator of the Citywide Panel. Ms. Rodi testified that she was on a DOE "General Committee" where she and her partners denied everyone their religious appeal without any review. Mr. Eichenholtz could not give any particulars on the exact number of people who were allowed to obtain approvals for their religious appeals, but never gave any costs for their salaries or justified an "undue burden. See

**The City of New York and the NYC Department of Education Never Intended on Honoring Requests For Religious Exemptions From Getting the COVID Vaccine By Municipal Workers**
https://advocatz.com/2025/05/28/the-city-of-new-york-and-the-nyc-department-ofeducation-never-intended-on-honoring-requests-for-religious-exemptions-from-getting-thecovid-vaccine-by-municipal-workers/

The subtitle is:

*"Their Lies About Honoring Title VII and Human Rights Laws Have Misled Court Judges and Created Permanent Harm To City Employees"*

And,

**The Citywide Panel and the Final Judgment in Kane-Keil-New Yorkers For Religious Liberty**
https://advocatz.com/2025/01/25/new-york-state-court-of-appeals-issues-an-amendedjudgment-in-new-yorkers-for-religious-liberty-et-al-v/

The chaotic mess of the explosion of inequalities of law and vaccinations continue today.

The New York Post highlighted the hundreds of employees who were getting exemptions:

**City Grants Vaccine Mandate Exemptions For Hundreds Of Public School Employees**
https://gothamist.com/news/city-grants-vaccine-mandate-exemptions-hundreds-publicschool-employees
 Gothamist, Sept. 24, 2021.

At no point was the DOH Order for DOE employees neural or generally applicable. Also, at no time did the COVID Vaccine Mandate change Plaintiff's terms of employment.

9

Defendant has neither a legitimate nor compelling interest in exercising express and overt religious discrimination. Defendant's invocation of "undue hardship" defenses are plainly false pretexts attempting to cover for the Defendant's explicit religious discrimination.

In sum, Plaintiff was fired for holding onto her sincere religious beliefs despite not being given any accommodation or due process. Defendant's Opposition to her Amended Complaint is a thinly-veiled attempt to reframe Plaintiff's case into something that it is not and redirect this Court's attention from the egregious and unscrupulous actions and behaviors of the Defendant.

## **CONCLUSION**

Plaintiff has successfully pled in her Complaint that the NYCDOE failed to provide a reasonable accommodation and as a result, discriminated against the Plaintiff on the basis of her religion, and unlawfully discriminating against the Plaintiff in the terms and conditions of her employment which were never changed. Only new hires to the Department of Education had to get the vaccine as a condition of employment. The claims contained within the four corners of Plaintiff's Complaint go straight to the heart of a substantive due process claim. The very idea that a person's livelihood which is supposed to be determined through a fair evaluation of an educator's job performance, is denied in open and blatant retaliation for requesting an accommodation is outrageous and unconstitutional in the widest sense. There is no reasonable interpretation of the actions by Defendant alleged within the Complaint that could or should be excused as negligence or mistake.

Plaintiff's termination was pre-planned and part of a strategy to deny state and Federal laws and rights to certain tenured employees of the Department. Even if such a definition is up for debate, it is inapplicable at this early stage. A simple reading of the Amended Complaint amply demonstrates that conscience-shocking behavior has been sufficiently alleged to permit this cause of action to continue through to discovery as a matter of law. Defendant's Opposition To

10

Plaintiff's Motion to Amend her Complaint must be denied in full, and Plaintiff's Amended Complaint should be granted in full so that she may proceed in her quest in this Court to get her true justice after the harm she has suffered.

Dated May 31, 2025

                                             /s/Barbara Hill

                                             Barbara Hill
                                             Plaintiff Pro Se
                                             1423 East 104 Street
                                             Brooklyn, N.Y. 11236
                                             b.cazeau@gmail.com
                                             347-200-4003