UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────
BARBARA HILL,

                Plaintiff,

      -against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,

                Defendant.
─────────────────────────────────

**MEMORANDUM & ORDER**
**24-CV-3506 (NGG) (CHK)**

NICHOLAS G. GARAUFIS, United States District Judge.

*Pro se* plaintiff Barbara Hill brings this religious discrimination lawsuit against her former employer, the New York City Department of Education ("NYC DOE"). Before the Court is Hill's motion for leave to amend the complaint. For the reasons stated below, her motion is DENIED.

### I. FACTUAL BACKGROUND

Hill was employed as a physical therapist for NYC DOE. (*See* Compl. (Dkt. 1) ¶ 2.) In September 2021, Defendant informed Hill that all employees must submit proof that they received a COVID-19 vaccination or else be placed on leave without pay. (*Id.* ¶ 18.)

Shortly thereafter, Hill applied for a religious accommodation from the vaccine mandate. (*Id.* ¶ 20.) Hill's application expressed that she "would not be able to get vaccinated due to her religious beliefs" and requested to work via "remote location or telehealth possibilities." (*Id.* ¶¶ 20, 29.) NYC DOE denied Hill's request, stating that "she failed to meet the criteria for religious accommodation and that no remote site . . . could be offered . . . because [it] would be an 'undue burden' for the Department." (*Id.* ¶ 21.) According to Hill, "[n]o details about how or why the remote site would cause an 'undue hardship'

1

were given" and "[m]any other employees . . . were granted their requested exemptions . . . and reassigned to" remote locations. (*Id.*)

In October 2021, the NYC DOE placed Hill on unpaid leave. (*Id.* ¶ 22.) Hill further alleges that NYC DOE placed a "problem code" in her personnel file, which prevented her from getting "paid by any vendor connected with [NYC DOE]." (*Id.*) Hill was ultimately terminated in February 2022. (*Id.* ¶ 29.) In February 2024, Hill was rehired by the NYC DOE but given a lower salary because she was designated as a "new hire." (*Id.* ¶ 30.)

## II. PROCEDURAL BACKGROUND

Hill filed this lawsuit in May 2024. Liberally construed, her complaint raised several claims. First, she asserted a disparate treatment claim in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYSHRL"). Second, she asserted a failure to accommodate claim in violation of the same laws. Third, she alleged a retaliation claim under Title VII, NYSHRL, NYCHRL, the Rehabilitation Act, and 42 U.S.C. § 1983. Fourth, she asserted a Free Exercise claim under § 1983. Fifth, she alleged a Fourteenth Amendment procedural due process claim under § 1983. Finally, Hill raised a fraud claim based on the arbitration award between the NYC DOE and her union. (*See id.* ¶¶ 33–52.)

NYC DOE moved to dismiss Hill's claims. In March 2025, the court granted in part and denied in part NYC DOE's motion. Specifically, the court allowed Hill's failure to accommodate claim to proceed, but dismissed her NYCHRL, NYSHRL, and fraud claims with prejudice. (Hearing Tr. (Dkt. 21) 17:1-14.) The court also dismissed her disparate treatment, retaliation, Free Exercise, and due process claims without prejudice. (*Id.* 17:10-12.) As to those

latter claims, the court granted Hill leave to amend her complaint so that she may "allege additional facts." (*Id.* 17:10-18.)

Hill timely filed a motion to amend her complaint. (*See* Mot. to Am. (Dkt. 23).) NYC DOE opposes Hill's motion to amend on the basis that the proposed amendments are futile. (*See* Mem. in Opp. to Mot. to Am. (Dkt. 24) at 1.)

### III. LEGAL STANDARD

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). As such, a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* An amendment is futile "if the proposed claim," as amended, "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this plausibility standard, a plaintiff need not plead "detailed factual allegations," but she must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

IV. DISCUSSION

Because Hill's proposed amendments are futile, her motion for leave to amend the complaint is denied.[1] *See Lucente*, 310 F.3d at 258.

### A. Disparate Treatment Claim

Hill's proposed amendments to her disparate treatment claim are futile. In her proposed amended complaint, Hill principally attempts to add allegations regarding comparator employees that were granted accommodations. In particular, she alleges that "thousands of unvaccinated firefighters, police officers and other similarly situated personnel were allowed to continue to work in person unvaccinated due to secular reasons," and that NYC DOE "conditioned approvals . . . on membership in a favored religion." (Proposed Am. Compl. (Dkt. 23-1) ¶¶ 40, 49).

To raise an inference of disparate treatment based on comparisons to other employees, a plaintiff "must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (citation omitted). Here, Hill offers only a conclusory allegation that the comparators are "similarly situated." (Proposed Am. Compl. ¶ 40.) She does not plead any factual content that would allow the court to draw a reasonable inference to conclude the same. *See Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). For that reason, Hill's proposed amendments regarding her disparate treatment claim do no more than offer "labels and conclusions." *See id.* (quoting *Twombly*, 550 U.S. at 555). Those amendments therefore "could

---

[1] It does not appear that Hill has attempted to amend her complaint to buttress her retaliation claims. (*See* Proposed Am. Compl.) The court therefore considers them no further.

not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *See Lucente*, 310 F.3d at 258.

### B. Free Exercise Claim

Hill's proposed amendments to her Free Exercise claim also fail to adequately allege a claim. In the court's prior order dismissing her claims, it explained that her Free Exercise claim failed to allege "that the accommodation process was not neutral or generally applicable." (Hearing Tr. 14:7-8); *see Kane v. De Blasio*, 19 F.4th 152, 164–167 (2d Cir. 2021) (concluding that the plaintiff had not shown that he was likely to succeed on the merits of his Free Exercise claim because "the Vaccine Mandate, in all its iterations, is neutral and generally applicable").

None of Hill's proposed amendments cure the deficiency that the court identified in its prior order. The proposed amended complaint alleges that the vaccine mandate was not neutral and generally applicable because NYC DOE "evaluate[d] employee religious beliefs case-by-case, allowing 'individualized exemptions' to applicants whose beliefs, in the government's discretion, merit accommodation." (Proposed Am. Compl. ¶ 67.) But again, Hill does not allege any factual content reasonably suggesting that NYC DOE favored certain religious beliefs over others. As a result, Hill's proposed amendments to the Free Exercise claim could not withstand a Rule 12(b)(6) motion to dismiss. *See Lucente*, 310 F.3d at 258.

### C. Due Process Claim

Hill's proposed amended complaint also fails to adequately allege a procedural due process claim. Her proposed amendments attempt to allege that her due process rights were violated by an arbitration between the NYC DOE and her union. (Proposed Am. Compl. ¶¶ 30–31.) She reasons that the arbitral decision "created a procedure to apply for religious exemptions that was subsequently found to be 'constitutionally unsound.'" (*Id.*)

5

This proposed amendment is futile. Where, as here, a claim challenges the process received prior to the deprivation of a protected interest, "the Constitution mandates only that such process include, at a minimum, notice and the opportunity to respond." *O'Connor v. Pierson*, 426 F.3d 187, 198 (2d Cir. 2005). As the court explained in its original order dismissing Hill's claims, she does not allege that she was suspended without notice or an opportunity to respond. (*See* Hearing Tr. 14:25-15:1-12.) Indeed, the proposed complaint reiterates that Hill was given advance notice of the vaccine mandate and an opportunity to apply for a religious exemption. (Proposed Am. Compl. ¶¶ 29–30.) The fact that an arbitration decision—which did not involve Hill—may have set forth a flawed exemption process in no way undermines the fact that she received notice and an opportunity to be heard. (*See id.* ¶ 31.) For that reason, Hill's proposed amendments pertaining to her due process claim would be futile. *See Lucente*, 310 F.3d at 258.

### D. *Monell* Claim

Finally, Hill attempts to add a claim for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Specifically, she alleges that NYC DOE acted with "deliberate indifference to [her] Constitutional rights . . . under the First, Fifth and 14th Amendments." (Proposed Am. Compl. ¶ 100.) But as already explained, Hill has not alleged a plausible claim under the First or Fourteenth Amendments. And the court fails to see any discussion whatsoever of a claim under the Fifth Amendment. Consequently, Hill's attempt to add a *Monell* claim would crumble under Rule 12(b)(6) scrutiny. *See Lucente*, 310 F.3d at 258.

## V. CONCLUSION

For the foregoing reasons, Hill's motion for leave to amend is DENIED

SO ORDERED.

Dated: Brooklyn, New York
February 19, 2026

       s/Nicholas G. Garaufis
       NICHOLAS G. GARAUFIS
       United States District Judge