UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

BARBARA HILL,

                                        Plaintiff,                    **ANSWER**

            -against-                                                 24-CV-03506 (NGG)(CHK)

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,

                                        Defendant.

------------------------------------------------------------------------x

Defendant New York City Department of Education ("DOE"), by its attorney, **STEVEN BANKS**, Corporation Counsel of the City of New York, as and for its answer to the Complaint, respectfully alleges as follows:

1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

2.      Denies the allegations set forth in paragraph "2" of the Complaint except admits that Plaintiff was employed by the DOE as a physical therapist and was terminated on March 17, 2022.

3.      Denies the allegations set forth in paragraph "3" of the Complaint

4.      Denies the allegations set forth in paragraph "4" of the Complaint

5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

6.      Denies the allegations set forth in paragraph "6" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that Plaintiff is employed by the DOE as a physical therapist, and refers the Court to the statute cited therein for a complete and accurate statement of its contents.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that DOE is a school board duly organized and existing under the New York Education Law, and respectfully refers the Court to Articles 52 and 52-A of the New York Education Law and Chapter 20 of the New York City Charter for a complete and accurate statement of the powers, responsibilities, and duties of the DOE.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that Plaintiff filed a Notice of Claim on May 9, 2023, and admits that a 50(h) Hearing was conducted on October 6, 2023.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that Plaintiff purports to base venue as set forth therein.

16.     Denies the allegations set forth in paragraph "16" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiff was employed as a Physical Therapist Level 1, and deny that Plaintiff was never informed or requested to obtain a vaccine during her employment.

18.     Denies the allegations set forth in paragraph "18" of the Complaint, except admits that DOE sent Plaintiff the Impact Bargaining Award and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

19.     The Complaint does not contain a paragraph "19" and, therefore, Defendant is not required to respond.

20.     Denies the allegations set forth in paragraph "20" of the Complaint, except admits that on September 20, 2021, Plaintiff submitted a request seeking a religious exemption from the Vaccine Mandate.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, except admits that DOE denied Plaintiff's request for a religious exemption from the Vaccine Mandate and respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admits that Plaintiff was placed on Leave Without Pay ("LWOP") on October 15, 2021.

23.     Denies the allegations set forth in paragraph "23" of the Complaint, except admits that Plaintiff was placed on Leave Without Pay ("LWOP") on October 15, 2021.

24.     Denies the allegations set forth in paragraph "24" of the Complaint, and respectfully refers the Court to the case referenced therein for a complete and accurate statement of its contents.

25.     Denies the allegations set forth in paragraph "25" of the Complaint, and respectfully refers the Court to the case referenced therein for a complete and accurate statement of its contents.

26.     Denies the allegations set forth in paragraph "26" of the Complaint, and respectfully refers the Court to the document and case cited therein for a complete and accurate statement of their contents.

27.     Denies the allegations set forth in paragraph "27" of the Complaint, and respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

28.     Denies the allegations set forth in the first paragraph "28" of the Complaint, and respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in second paragraph "28" of the Complaint.

30.     Denies the allegations set forth in paragraph "29" of the Complaint, except admits that Plaintiff was terminated on March 17, 2022, the Citywide Panel denied her appeal, and respectfully refers the Court to the documents cited therein for a complete and accurate statement of their contents.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, except admits that Plaintiff was rehired by the DOE on February 6, 2024.

32.     Denies the allegations set forth in paragraph "31" of the Complaint, and respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

33.     The allegations in paragraph "32" of the Complaint set forth only opinion or legal argument for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "32" of the Complaint.

34.     In response to paragraph "33" of Complaint, Defendant repeats and realleges its responses to paragraphs "1" through "32" of the Complaint, as if fully set forth herein.

35.     Defendant is not required to respond to the allegations set forth in paragraph "34" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

36.     Defendant is not required to respond to the allegations set forth in paragraph "35" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

37.     Defendant is not required to respond to the allegations set forth in paragraph "36" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

38.     Defendant is not required to respond to the allegations set forth in paragraph "37" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

39.     Defendant is not required to respond to the allegations set forth in paragraph "38" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

40.     Defendant is not required to respond to the allegations set forth in paragraph "39" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

41.     In response to paragraph "40" of Complaint, Defendant repeats and realleges its responses to paragraphs "1" through "39" of the Complaint, as if fully set forth herein.

42.     Denies the allegations set forth in paragraph "41" of the Complaint.

43.     Denies the allegations set forth in paragraph "42" of the Complaint, and respectfully refers the Court to the case cited therein for a complete and accurate statement of its contents.

44.     Denies the allegations set forth in paragraph "43" of the Complaint, and respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

45.    Denies the allegations set forth in paragraph "44" of the Complaint, and respectfully refers the Court to the case cited therein for a complete and accurate statement of its content.

46.    Denies the allegations set forth in paragraph "45" of the Complaint, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their contents.

47.    In response to paragraph "46" of Complaint, Defendant repeats and realleges its responses to paragraphs "1" through "45" of the Complaint, as if fully set forth herein.

48.    Defendant is not required to respond to the allegations set forth in paragraph "47" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

49.    Defendant is not required to respond to the allegations set forth in paragraph "48" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

50.    Defendant is not required to respond to the allegations set forth in paragraph "49" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

51.    Defendant is not required to respond to the allegations set forth in paragraph "50" of the Complaint because the Court properly dismissed this cause of action in its "Minute

and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

52.    Defendant is not required to respond to the allegations set forth in paragraph "51" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

53.    Defendant is not required to respond to the allegations set forth in paragraph "52" of the Complaint because the Court properly dismissed this cause of action in its "Minute and Entry Order," dated March 20, 2025. See Minute and Entry Order, dated 3/20/2025; see also ECF Doc. No. 20.

### AS AND FOR A FIRST DEFENSE

54.    The Complaint fails to state any claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

55.    The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

### AS AND FOR A THIRD DEFENSE

56.    The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH DEFENSE

57. At all times relevant to the matters alleged in the Complaint, Defendant's actions were reasonable, proper, lawful, constitutional, made in good faith and without malice, and in conformity with all applicable laws, rules, and regulations and Defendant has not violated any rights, privileges, or immunities of Plaintiff under the Constitution or law of the United States, the State of New York, the City of New York, or any political subdivisions thereof.

## AS AND FOR A FIFTH DEFENSE

58. Defendant had legitimate nondiscriminatory business reasons for taking any of the alleged acts complained of by Plaintiff.

## AS AND FOR A SIXTH DEFENSE

59. Subject to proof of discovery, the damage claims set forth in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## AS AND FOR A SEVENTH DEFENSE

60. Upon information and belief and subject to discovery, Plaintiff's claims for back pay are barred, in whole or in part, by her failure to mitigate damages.

## AS AND FOR AN EIGHTH DEFENSE

61. Plaintiff's request for a religious exemption from the COVID-19 vaccination requirement imposed an undue burden on Defendant.

## CONCLUSION

**WHEREFORE,** Defendant respectfully requests that the Complaint be dismissed in its entirety, that the court enter judgment for Defendant, and that Defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           April 28, 2026

                              **STEVEN BANKS**
                              Corporation Counsel of the City of New York
                              Attorney for Defendant
                              100 Church Street, 2nd Floor
                              New York, N.Y. 10007
                              (212) 344-2444


                    By:   _____*Shivani Damera*_____
                                   Shivani R. Damera
                              Assistant Corporation Counsel

- 10 -